THE NEW YORK TRUST COMPANY, complainant,

*v.*

SHELBURNE, INCORPORATED, et al., defendants.

[Decided March 16th, 1932.]

*Messrs. Lindabury, Depue & Faulks (Mr. J. Edward Ashmead,* of counsel), for the complainant.

*Messrs. Thompson & Hanstein,* for the defendant Atlantic Safe Deposit and Trust Company.

*Mr. Emerson L. Richards,* for the receivers of the Shelburne, Incorporated.

*Messrs. Cole & Cole,* for the Westinghouse Electric and Manufacturing Company.

INGERSOLL, V. C.

The summary of facts as stated by the solicitors of complainant is as follows:

"On September 12th, 1925, Shelburne, Incorporated, gave a first mortgage on all of the real estate and chattels then owned by it 'together with all and singular the * * * rents, issues, income, produce and profits thereof and of every part and parcel thereof.' (Amended bill of complaint, pages 5, 11, 35-38.) On July 1st, 1929, Shelburne, Incorporated, rented one of the stores to the Westinghouse Electric and Manufacturing Company. (Amended bill of complainant, paragraph 20.) Later on August 12th, 1930, Shelburne, Incorporated, borrowed certain moneys from the Atlantic Safe Deposit and Trust Company and by way of assignment pledged as security the rents under this lease. In July, 1931, Shelburne, Incorporated, having defaulted on its mortgage, the New York Trust Company, trustee thereunder, filed its bill of complaint and, because of the inadequacy of the security, prayed that a receiver or receivers be appointed to take possession of the property of the defendant Shelburne, Incorporated, covered by said first trust mortgage, and the earnings, revenues, issues and income thereof, for its benefit. The bill was filed and such receivers appointed on July 13th, 1931.

The rent under the lease of the Westinghouse Electric and Manufacturing Company was payable monthly in advance.

and the rent for July 1st, 1931, had been paid on July 2d, 1931, so that no rent was due and owing at the time of the appointment of the receivers, nor would it become due and owing until August 1st, 1931, more than two weeks after the appointment by the court of said receivers."

An answer is filed by the Atlantic Safe Deposit and Trust Company alleging said assignment and that its rights to the rents referred to are superior to the rights of the complainant to said rents.

Pending the motion to strike, a bill of interpleader was filed by the Westinghouse Electric and Manufacturing Company and an interlocutory decree advised. It was deemed wise to hold the motion to strike pending the final disposition of the bill of interpleader, but at the time of dictating this opinion, no steps had been taken by either of the parties to bring that matter to an issue and I feel it incumbent upon me to determine this motion.

The only question is, can a mortgagor assign all of the rents thereafter to become due, thereby taking from the mortgagee the right to demand rents accruing after the appointment of a receiver but prior to the final decree and sale under execution?

Vice-Chancellor Berry, in *Paramount Building and Loan Association of Newark* v. *Sacks, 107 N. J. Eq. 328,* said:

"Ordinarily, as between a mortgagor and a receiver appointed at the suit of a mortgagee, the receiver is entitled to collect only such rents as fall due after his appointment, and the rents falling due prior thereto belong to the mortgagor. *Stewart* v. *Fairchild-Baldwin Co., 91 N. J. Eq. 86; Myers* v. *Brown, 92 N. J. Eq. 348; New Order Building and Loan Association* v. *222 Chancellor Avenue, 106 N. J. Eq. 1.* Assuming that the third mortgagee does not stand in the shoes of the mortgagor, he would be entitled to the rent which accrued prior to the appointment of the receiver if the rule of those cases applied here. But in none of those cases did the mortgage contain a clause assigning the rents as additional security and the decisions are not, therefore, controlling.

"That it is competent for the parties to a mortgage to make such assignment, and that such assignment will be held effective as against subsequent encumbrancers, is clearly indicated by Vice-Chancellor Backes in *Myers* v. *Brown, supra* (at *p. 351*); by Chief-Justice Gummere, speaking for the court of errors and appeals, in *Henn* v. *Hendricks, 104 N. J. Eq. 166,* and by Mr. Justice Harlan, speaking for the United States supreme court, in *Freedman's Saving and Trust Co.* v. *Shepherd, 127 U. S. 494; 32 L. Ed. 163.* In the case last cited, Mr. Justice Harlan said:

" 'It is, of course, competent for the parties to provide in the mortgage for the payment of rents and profits to the mortgagee, even while the mortgagor remains in possession.' "

It will be noticed, however, that the assignment here spoken of is an assignment included in the mortgage. In *Freedman's Saving and Trust Co.* v. *Shepherd, supra,* it was held:

"It is, of course, competent for the parties to provide in the mortgage for the payment of rents and profits to the mortgagee, even while the mortgagor remains in possession."

It is manifest through all of the cases that the mortgagee is entitled to rents of the mortgaged premises accruing after the mortgagee moves for possession or its equivalent, the appointment of a receiver. *Stanton* v. *Metropolitan Lumber Co., 107 N. J. Eq. 345.*

Mr. Justice Trenchard, in *Stewart* v. *Fairchild-Baldwin Co., supra,* said:

"It is important, in the first place, to clearly bear in mind the relationship between the mortgagor and the mortgagee, and the rights of a mortgagee in this state.

"The common law rule, that a mortgage created an immediate estate in the mortgagee, and vested in him immediately, upon the execution and delivery of the mortgage, an actual estate with a right of immediate possession, subject only to be defeated by the payment of the mortgage money, has not been adopted by our courts. *Woodside* v. *Adams, 40 N. J. Law 417; Shields* v. *Lozear, 34 N. J. Law 496; Sanderson* v. *Price, 21 N. J. Law 637.*

"However, upon breach of condition, the mortgagee's estate

has all the incidents of a common law title, and he has the right to the possession of the mortgaged premises. *Woodside* v. *Adams, supra; Shields* v. *Lozear, supra.*

"The mortgagee, after breach of condition, having a title in the mortgaged premises possessing all the incidents of a common law title, and only subject to be divested by the equitable proceeding to redeem, and having the right to possess the property, has the right, from the date of taking such possession, to the profits arising from the estate. At common law, he could not be compelled to account to the mortgagor for the value of the profits taken by him. This was a hardship upon the mortgagor, and so a court of equity will compel the mortgagee to credit to the debt the profits received by him. This was done upon the theory, always obtaining in the court of chancery, that until the mortgagor has been foreclosed by decree of and from the right to redeem, the mortgage, even after default, was a security.

"Since, after default the mortgagee can take possession or obtain possession by ejectment of the mortgaged premises, it follows, as a matter of course, that not until the mortgagee has obtained possession by either one of the above methods, can he take rents or profits arising from the lands. To hold otherwise would destroy the rights of the mortgagor up to the date of default and taking possession. It is only when the mortgagee acts upon default, and takes possession, that he puts to an end the rights of the mortgagor to the incidents that arise out of possession, subject, of course, to redemption by the mortgagor.

"Now a receiver appointed by a court of equity in a foreclosure proceeding is a substitute for taking possession under the common law. It is a convenient substitute, because in cases where several mortgagees hold liens upon the premises in question, their rights in the rents and profits can better be adjudicated. But such a receiver has no more rights than the mortgagee himself would have, and since a mortgagee taking possesssion of mortgaged premises is not entitled to rents accrued before the date of taking possession, it follows that a receiver is not. The mortgagee is not entitled to any

special favor. He is a secured creditor and has dealt with open eyes. He must look to the security. It follows, therefore, when, as here, a mortgage does not expressly pledge the rents, issues and profits of the mortgaged premises as further security for the payment of the debt, the rents accrued prior to the appointment of a receiver in a foreclosure proceeding (appointed on the application of the second mortgagee) belong to the mortgagor or the owner of the fee, and such receiver will not be directed to collect and apply them in payment either of unpaid taxes or interest on the mortgage."

The last pronouncement upon this question is *Bermes* v. *Kelley, 108 N. J. Eq. 289:*

"At default a mortgagee becomes entitled to possession of the mortgaged premises. That possession, if exercised, entitles him to receive the rents. Possession may be taken by the mortgagee either personally or through a receiver appointed by the court for that purpose in a suit to foreclose the mortgage. Unless and until that possessory right is exercised by a mortgagee, the mortgagor is entitled to the rents as against the mortgagee. As against the mortgagor, that possessory right and its fruits, if and when exercised, obtain in favor of any mortgagee, irrespective of the rank of the mortgage. As between two successive mortgagees, when one exercises his possessory right, either personally or through a receiver in foreclosure, and the other does not do so, the one exercising the right becomes entitled to the rents received by him through the medium of his possession."

It must follow that the mortgagee, upon taking possession by the appointment of a receiver, becomes entitled to all rents due for such debt, notwithstanding the fact that the mortgagor, after the execution of the mortgage, had assigned such rents to another.

The answer will be stricken.