## In re SHELBURNE, Inc.
### No. 6317.

Circuit Court of Appeals, Third Circuit.

June 24, 1937.

Emerson Richards, of Atlantic City, N. J., for appellant.

Robert A. Hall and George S. Munson, both of Philadelphia, Pa., and John A. McNaughton, of New York City, for Bondholders' Protective Committee.

Lindabury, Depue & Faulks, of Newark, N. J., and White & Case, of New York City (Francis W. Thomas, of Newark, N. J., and Carlos L. Israels, of New York City, of the New York Bar, of counsel), for New York Trust Co.

James N. Butler, of Atlantic City, N. J., for Thomas H. Munyan, William C. Rommel, and Lewis B. Moffett.

Robert K. Bell, of Ocean City, N. J., for Equitable Trust Co.

William A. Carr, of Philadelphia, Pa., for Shelburne, Inc.

Before BUFFINGTON, DAVIS, and BIGGS, Circuit Judges.

BUFFINGTON, Circuit Judge.

This is an appeal from an order of the District Court. which, among other things, approved the debtor's petition for reorganization under section 77B of the Bankruptcy Act (11 U.S.C.A. § 207); appointed trustees in bankruptcy; and authorized them, "having due respect and comity for the jurisdiction and authority of the Chancery Court of the State of New Jersey," to take possession and manage all of the assets of the debtor.

The appellants are in possession of all of the debtor's property as custodial receivers appointed by the Court of Chancery of New Jersey in foreclosure proceedings. They have appealed from that portion of the order which authorized the trustees to take possession and manage the property in question. They have taken

this appeal with the full approval and sanction of the Court of Chancery.

The question raised by this appeal is whether or not, under the circumstances of this case, the appellants should have been allowed to retain possession and continue in the management of the property.

The facts are as follows: Prior to 1925, Jacob Weikel was the owner of the Shelburne Hotel in Atlantic City, N. J. In 1925 he conveyed the hotel property to the debtor, Shelburne, Inc., a corporation formed under the laws of New Jersey. The debtor corporation owned no other assets and all but four shares of its common stock were owned by Weikel. The debtor, in order to make certain desired improvements to the hotel, issued a first mortgage for $3,000,000 of which the New York Trust Company was made trustee; a second mortgage for $500,000 of which the equitable Trust Company of Atlantic City was made trustee, and also issued $164,000 of preferred stock. Approximately $378,500 has been paid on the principal of the first mortgage; $30,000 has been paid on the principal of the second mortgage; and additional money totalling $20,000 has been deposited with the Equitable Trust Company under the second mortgage.

By July, 1931, the first mortgage was in default because of nonpayment of taxes, interest, and amortization. On July 13, 1931, the New York Trust Company filed a bill in the Court of Chancery to foreclose the mortgage, and prayed that custodial receivers be appointed to take over the property, operate it, and collect the rents, issues, and profits thereof as provided in the mortgage. The petition was granted; the appellants were appointed receivers with the above-mentioned powers; and the debtor, its officers, directors, agents, and employees were enjoined from interfering with the receivers in their management of the property. As it owned no other property, the debtor has not transacted any business nor held any meetings of its directors or stockholders since that time.

On January 2, 1932, the Governor of New Jersey revoked the charter of the debtor because of arrears in taxes.

On June 29, 1933, the Court of Chancery entered a decree of foreclosure, and decreed that $2,998,933.73 was due under the mortgage. It also entered an order directing a special master to sell the property in satisfaction of the mortgage debt. No sale, however, was made and the receivers have remained in the possession and management of the property.

In May, 1935, three petitions for reorganization under section 77B of the Bankruptcy Act were successively filed in the District Court. The first was withdrawn by consent, the second was dismissed after argument and the court, after amendment and the restoration of the charter upon the payment of $100, over the objection of appellants ordered the third petition to be filed and appointed trustees as above stated. From a portion of that order appeal has been taken to this court.

As mentioned above, the only portion of the order to which the appellants object is that part which directed the trustees to take possession of the property then in their hands. They have no objections to the proposed reorganization as such.

Custodial receivers in foreclosure proceedings, under the law of New Jersey, hold possession for the mortgagee. Stewart v. Fairchild-Baldwin Company, 91 N.J. Eq., 86, 108 A. 301; Bermes v. Kelley, 108 N.J.Eq. 289, 154 A. 860; New York Trust Company v. Shelburne, Inc., 110 N.J.Eq. 187, 159 A. 522, affirmed 112 N.J.Eq. 170; 163 A. 892. A court of bankruptcy does not have the power summarily to order a mortgagee in possession or receivers in foreclosure to turn over mortgaged property to a trustee in bankruptcy. Continental Bank & Trust Company v. Nineteenth & Walnut Streets Corporation, 79 F.(2d) 284 (C.C.A.3); In re Frances Willard National Temperance Hospital, 82 F.(2d) 804, 806 (C.C.A.7); Duparquet Co. v. Evans, 297 U.S. 216, 56 S.Ct. 412, 415, 80 L.Ed. 591. In the Duparquet Case, 297 U.S. 216, on pages 222 and 223, 56 S.Ct. 412, 80 L.Ed. 591, the court said: "It is common learning that an equity receiver in suits to conserve the assets or divide them among creditors must yield to a trustee in bankruptcy. * * * On the other hand, it is also common learning that not even a trustee in bankruptcy may override a valid mortgage lien or supersede a receiver who has been put into possession in fulfilment of the mortgage contract. * * * Section 77B does not make these precedents inapposite. True, the suit for the foreclosure of the mortgage may be stayed or enjoined upon a showing of necessity, (section 77B (c) (10), 11 U.S.C.A. § 207 (c) (10); the lien may be transferred to the proceeds of a sale (section 77B (b), 11 U.S.C.A. § 207 (b); at times the holder of the lien may

have his security modified or reduced by the plan of reorganization when finally approved (section 77B (b), (e), (f), (h), 11 U.S.C.A. § 207 (b, e, f, h). * * * Nowhere does the statute say, however, that those results or any of them shall follow automatically upon the approval of the petition as properly filed. Section 77B (a). Only by excluding a receiver in foreclosure from the scope of subdivision (i) can we avoid anomalous encroachments upon vested rights and interests."

Furthermore, at this phase of the proceedings, there is considerable doubt whether or not a valid feasible plan of reorganization is possible. In the first place, the property covered by the mortgage is·alleged to be worth approximately $1,000,000 while the money due on the first mortgage alone is around $3,000,000. It is hard to see what equity the debtor has in the premises under these circumstances. In the second place, there is doubt at this time as to the validity of the consents of the bondholders as filed with the bondholders' committee. This doubt was expressed by the Court of Chancery in a statement filed by it with this court in the following words: "Again, the bondholders' committee have been functioning as such for upwards of five years and it may well be that consents of bondholders lodged with that committee that long ago may not be said to be consents that the then committee should bind the individual bondholders to a plan of reorganization under 77B, especially in view of the fact that there was no such enactment that long ago."

Under the facts of this case, the authorities above cited, and in order to avoid an unseemly conflict between state courts and federal courts, it is apparent that the appellants should be allowed to continue in the possession and management of the mortgaged property until a valid plan of reorganization is presented, accepted and approved in accordance with the terms of section 77B or the default is in some way cured.

"This ruling," as was said by Judge Sparks, speaking for the Circuit Court of Appeals for the Seventh Circuit, in the case of. In re Frances E. Willard National. Temperance Hospital, supra, "need not necessarily prevent further proceedings in the reorganization plan. Whatever interest or right the debtor may yet have in, or with respect to, the mortgaged premises, should of course be considered as an asset for whatever it is worth. We merely hold that under the conditions here presented appellant is entitled to possession of the premises until the default is in some manner cured."

That part of the order of the District Court which directs the trustees to take possession of the mortgaged property is reversed, but the other parts are affirmed.