## LINCOLN–ALLIANCE BANK & TRUST CO. v. DYE.

### No. 118.

Circuit Court of Appeals, Second Circuit.

Nov. 4, 1940.

Goodwin, Nixon, Hargrave, Middleton & Devans, of Rochester, N. Y. (Charles Dickerman Williams, of New York City, of counsel), for appellant.

Charles van Voorhis, of Rochester, N. Y., for appellee.

Harris, Beach, Folger, Bacon & Keating, of Rochester, N. Y., for American Locomotive Co.

Sutherland & Sutherland, of Rochester, N. Y., for Petroleum Heat & Power Corporation.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

PER CURIAM.

The order now on appeal is an aftermath of that which was before us in Lincoln-Alliance Bank & Trust Company v. Dye, 2 Cir., 108 F.2d 38. At that time we said that it lay in the discretion of the judge whether to allow the mortgagee to foreclose when the proceeding was only three weeks old. That, we thought, was scarcely long enough to determine that no "plan of reörganization" was possible. However, we concluded by saying: "we do not suggest that, in the absence of some very radically different change in the prospects, it would be justifiable to hold off the mortgagee any longer." That was on December 11, 1939, and the mortgagee moved again on February 5, 1940. The judge concluded that, due to the war, the value of the ship had much increased since the last motion, so that she was then worth $220,000; and that, as the sum of the principal and interest of the mortgage was about $200,000, there was an equity to be saved, which justified holding off the mortgagee still longer. Moreover, the trustee alleged that he had an offer in writing of $257,000, on which the proposed buyer had made a substantial deposit.

We left open in Re Murel Holding Corporation, 2 Cir., 75 F.2d 941, whether under § 77B, sub. b(5) of the Bankruptcy Act, 11 U.S.C.A. § 207, sub. b(5), which has now become § 216(7), 11 U.S. C.A. § 616(7), the general creditors of the debtor might force a senior lienor into a "plan of reörganization" without his consent, although the four possibilities left to the debtor in such a case are in fact scarcely more than ways, either of paying off the lien, or of not affecting the substance of the lienor's rights. We shall again assume, arguendo, that there may be a "plan of reörganization" into which the mortgagee can be forced in invitum, but it must certainly contain more than holding him off at the mortgagor's convenience. Chapter X, 11 U.S.C.A. § 501 et seq., was not intended merely to give mortgagors a moratorium upon foreclosure. When the order now on appeal was made, the proceeding was fourteen months old, and the debtor had not put forward any plan; indeed it does not now even intimate that there ever will be any beyond selling the vessel. Such a showing does not justify further delay; moreover, we can see no reason why the mortgagee should not be allowed to foreclose in due course, if so advised, and not be confined to a sale in the bankruptcy court.

Order reversed; leave granted to foreclose.