**JOHN HANCOCK MUT. LIFE INS. CO. v.
CASEY et al. (two cases).**

Nos. 3930, 3931.

Circuit Court of Appeals, First Circuit.

Nov. 29, 1943.

Rehearing Denied Dec. 24, 1943.

**208**

G. K. Richardson, of Boston, Mass. (Richardson, Wolcott, Patten & Bennett, of Boston, Mass., of counsel), for appellant.

J. C. Johnston and Thomas J. Casey, both of Boston, Mass., for appellee Thomas J. Casey, trustee.

Frank J. Murray, Asst. Corp. Counsel, of Boston, Mass. (William H. Kerr, of Boston, Mass., of counsel), for intervener City of Boston.

Before MAGRUDER, MAHONEY, and WOODBURY, Circuit Judges.

PER CURIAM.

These two cases were argued together, and while the issues presented are not identical, they may be disposed of in one decision since in the last analysis they are governed by the same provisions of the Bankruptcy Act, 11 U.S.C.A. § 1 et seq.

On November 1, 1940, Carlton Hotel, Inc., hereinafter referred to as the debtor, purchased from John Hancock Mutual Life Insurance Company, hereinafter referred to as the appellant, the premises known as the Hotel Buckminster in Boston, and certain personal property contained therein, for $360,000. As part of the purchase price the debtor executed a mortgage note in the sum of $345,000 secured by a mortgage of the real property with statutory power of sale. The note was also secured by an assignment to appellant of existing leases, such assignment empowering the assignee, upon default of payments under the terms of the mortgage note, to take possession of the premises and collect the rents and profits thereof. Included in the assignment was a lease of part of the premises to the Yankee Network, Inc.

On August 1, 1942, the debtor failed to make the payments on the mortgage note falling due on that date.

On August 5, 1942, the debtor filed in the court below its petition for reorganization pursuant to § 128 of chapter X of the Bankruptcy Act, 52 Stat. 886, 11 U.S.C.A. § 528. On this date the debtor was in possession of the premises.

On August 12, 1942, the mortgagee took possession of the premises under the terms of the mortgage for breach of condition.

The debtor's petition for reorganization was approved by the court on August 18, 1942, and Thomas J. Casey, Esq., the appellee herein, was appointed trustee.

Upon motions by the trustee, the court below, by orders entered September 16 and September 17, 1942, enjoined appellant from exercising its power of sale, ordered it to relinquish possession of the premises to the trustee and ordered it to turn over to the trustee the rents which it had collected from the Yankee Network, Inc. Upon appeal these orders were affirmed by this court. John Hancock Mutual Life Insurance Co. v. Casey, 1943, 134 F.2d 162, certiorari denied May 24, 1943.

Subsequently the appellant made a motion in the District Court that its order restraining the execution of the power of sale be

vacated and a further motion that the trustee be ordered to turn over to it the rentals which the trustee had collected from the Yankee Network, Inc. On May 4, 1943, the District Court entered orders denying these two motions. The present appeal in No. 3931 is from these orders. We affirm on the strength of what we said in our opinion on the previous appeal. The appellant has shown no such change in circumstances as would render it an abuse of discretion for the District Court to maintain in force its earlier restraining order and its order authorizing the trustee to collect the rentals pending the outcome of the reorganization proceedings.

Meanwhile on August 17, 1942, the United States filed a petition for condemnation of the Buckminster Hotel premises except that portion thereof occupied by the Yankee Network, Inc., as lessee. The interest sought to be taken was "a term for years ending June 30, 1945 * * * said term to be cancellable at the election of the United States on June 30, 1943, or on June 30, 1944, which election shall be signified by the giving of a sixty days' notice." The United States deposited with the clerk of the court the sum of $34,945 as the estimated just compensation for taking the use and occupation of the premises from August 17, 1942, to June 30, 1943. Judgment was entered for the United States on the petition for condemnation and the statutory declaration of taking.

On December 2, 1942, the reorganization trustee filed in the condemnation proceedings a petition for an order disbursing to him as trustee the fund on deposit of $34,945. On December 9 appellant moved that the said sum be disbursed to it as mortgagee. On May 4, 1943, the court ordered the disbursement of the fund on deposit to the trustee. The pending appeal in No. 3930 is from this order.

 Under 40 U.S.C. § 258a, dealing with the disbursement of the deposit made in condemnation proceedings, it is provided that "the right to just compensation for the same shall vest in the persons entitled thereto; and said compensation shall be ascertained and awarded in such proceeding and established by judgment therein." The just compensation paid by the United States for the use and occupancy of the premises for a term of years should be dealt with in the same way as were the rents paid by the Yankee Network, Inc. If the petition for reorganization had not been filed, the mortgagee, a default having occurred, would have been entitled to go into possession and to collect the rents. The mortgagee also would have been entitled in the condemnation proceedings to receive the debtor's share of the compensation money paid by the United States for its taking of the term for years.[1] But the bankruptcy power has intervened; the premises came in custodia legis as of August 5, 1942, and the exercise by the mortgagee of its security powers under the mortgage has been temporarily suspended. As we held on the previous appeal, the court below, in the reorganization proceedings, had ample power under the Bankruptcy Act to vest possession in the trustee and to direct him to collect the rents. Since the trustee's possession has been temporarily interrupted by the taking of a term for years by the United States, the just compensation paid into court stands in place of the property taken by eminent domain, and hence it was proper for the court, in the circumstances of the present case, to order this fund turned over to the trustee in the reorganization proceedings.

 Neither the rents collected by the trustee nor the fund ordered to be paid over to him in the condemnation proceedings can be treated as part of the general assets in trustee's hands for the purpose of reorganization. We did not mean to imply the contrary in anything we said in our brief opinion on the earlier appeal. The absolute priority rule applies in reorganization proceedings. Case v. Los Angeles Lumber Products Co., 1939, 308 U.S. 106, 60 S.Ct. 1, 84 L.Ed. 110; Consolidated Rock Products Co. v. Du Bois, 1941, 312 U.S. 510, 527, 61 S.Ct. 675, 85 L.Ed. 982. The mortgagee's lien attaches to the rents as they are collected and to the compensation paid by the United States for use and occupancy of the premises. This security interest has not been destroyed or impaired by the orders of the court below directing the trustee to take over the custody of the rents and the compensation fund pending the reorganization proceedings. Such security interest may

---

[1] It appears that there were certain other tenants in the building whose leasehold interests were destroyed by the taking, and who might have had independent claims to share in the fund on deposit. However, it seems that no such claims were asserted in the condemnation proceedings.

not be impaired by any distribution by the trustee of the funds in his hands to junior creditors or by any other disposition of the funds of no benefit to the mortgaged property. In re Franklin Garden Apts., Inc., 2 Cir., 1941, 124 F.2d 451. At this stage of the proceedings it is not known whether any plan of reorganization will be effectuated. It is possible that the reorganization proceedings might be dismissed, or the mortgaged premises might perhaps be sold in bankruptcy pursuant to § 236 of the Bankruptcy Act, 52 Stat. 899, 11 U.S.C.A. § 636. In the latter event, if the property did not realize enough upon the sale, the whole amount of the rents collected by the trustee might be needed to satisfy the mortgage debt.

In its memorandum filed with the orders in No. 3931 the District Court found "that the trustee is willing to pay the arrears due on the mortgage, and will be able to do so as soon as he obtains control as trustee of the deposit paid by the United States into the registry of this court." At the argument before us, the trustee reaffirmed this undertaking. Such a disbursement would be within the discretion of the District Court in the reorganization proceedings. It would not be a dealing with the funds as general assets but, rather, a recognition of the lien of the mortgagee.

The City of Boston has a claim for taxes, and was allowed to file a brief as intervenor in this court in No. 3930. It had entered an appearance in the condemnation proceedings, but apparently took no further part therein. It did not appeal from the order directing that the fund on deposit be turned over to the trustee and is not now in a position to challenge that order. Since we are affirming the order, it becomes unnecessary for us now to consider the standing of the city's claim for taxes.

The order of the District Court in No. 3930, dated May 4, 1943, and the orders of the District Court in No. 3931, dated May 4, 1943, are affirmed, with costs to the trustee.

## On Petition for Rehearing.

### PER CURIAM.

The appellee-trustee has filed a petition for rehearing on the ground that the language of our opinion leaves him in doubt as to his rights and duties in dealing with the rental and condemnation monies in the further course of the reorganization proceedings.

All we needed to decide was that the District Court had power to direct the trustee to take the rental and condemnation monies pending the outcome of the reorganization proceedings. In order to correct an apparent misapprehension by the District Court as to the meaning and effect of our opinion on the earlier appeal, we went further and stated that these monies were not general assets of the estate. We pointed out that if, as claimed by the mortgagee, the debtor is insolvent, the mortgaged premises might have to be sold in bankruptcy pursuant to § 236 of the Bankruptcy Act, 52 Stat. 899, 11 U.S.C.A. § 636. If the sale did not realize enough to pay off the full mortgage debt, the mortgagee would have a prior claim to the application of the rental and condemnation monies toward the satisfaction of the deficiency. This would be true whether or not the mortgage contained an acceleration clause.

Let it be supposed that the debtor is not insolvent. Then, since the mortgage here does not contain an acceleration clause and is in arrears only in a few instalments of interest and principal, the payment to the mortgagee of the amount of the arrears would purge the mortgage of default, and any balance of rental monies could then be dealt with as general assets. But we are not prepared to say that the same would be true also of the condemnation monies. It may be that without the consent of the mortgagee no plan of reorganization can be put through which does not involve the application of all the condemnation monies to the reduction of the mortgage debt. We do not have to decide this question now, and we hold it open, because after such examination as time has permitted, we have found singularly little illumination as to how condemnation monies deposited by the government as just compensation for the taking of a term for years, not the fee, should be distributed as between the mortgagee and the owner.

Even if a default had not occurred, it is possible that the mortgagee would have had a claim to the condemnation monies paid for the taking of a term for years. The argument would be that the taking necessarily impairs the mortgagee's security, and therefore gives the mortgagee a compensable interest. Part of the mortgagee's security is that in case of a future default the mortgagee may take possession of the premises and collect the rents and profits thereof. But if the United States has condemned the term for years and deposited with the court

the requisite just compensation therefor, the mortgagee could not, upon a subsequent default, take possession as against the United States and collect the rents and profits. This argument would be pointed to the conclusion that the mortgagee should be entitled to receive all the condemnation monies and apply the same to the reduction of the mortgage debt, to compensate for the impairment of the security resulting from the taking. Perhaps as an alternative such monies might be held in trust, to be paid over to the debtor at the end of the government's occupancy if not needed to pay instalments due on the mortgage debt.

As above stated, we reserve judgment on this problem until we are required to determine it. And we do not feel that we should give an advance opinion on other points mentioned in the petition for rehearing for the guidance of the trustee in administering the estate in the pending reorganization proceedings.

The petition for rehearing is denied.