**JOHN HANCOCK MUT. LIFE INS. CO. v. CASEY et al.**

**No. 3955.**

Circuit Court of Appeals, First Circuit.

Jan. 31, 1944.

G. K. Richardson and Richardson, Wolcott, Patten & Bennett, all of Boston, Mass., for appellant.

John C. Johnston and Thomas J. Casey, pro se, both of Boston, Mass., for appellee Casey.

Edward E. Cohen, of Boston, Mass., for appellee Carlton Hotel, Inc.

Before MAGRUDER, MAHONEY, and WOODBURY, Circuit Judges.

PER CURIAM.

This is the third appeal arising out of a proceeding pending in the court below for reorganization of the debtor, Carlton Hotel, Inc. For the factual background, which need not be set out again, see opinion on the first appeal, 1943, 134 F.2d 162, and opinion on the second appeal, decided November 29, 1943, together with opinion on petition for rehearing thereof, decided December 24, 1943, both of which are found in 139 F.2d 207.

On August 5, 1942, the debtor filed in the court below its petition for reorganization pursuant to § 128 of chapter X of the Bankruptcy Act, 52 Stat. 886, 11 U.S. C.A. § 528. This petition was approved by the court on August 18, 1942, and Thomas J. Casey, Esq., the appellee herein, was appointed trustee. On October 5, 1942, the District Court ordered that a statement of the proposed plan of reor-

ganization be filed with the clerk of the court not later than December 15, 1942. On December 15, 1942, the court extended the time for filing the plan to not later than March 15, 1943. A further extension was duly made to April 15, 1943. On April 12, 1943, the trustee filed a document entitled "Debtor's Plan of Reorganization".

On June 29, 1943, the appellant, pursuant to § 236 of the Bankruptcy Act, 52 Stat. 899, 11 U.S.C.A. § 636, moved in the alternative that the reorganization proceedings be dismissed or that the debtor be adjudged a bankrupt, for the following reasons:

"1. No plan of reorganization in compliance with the provisions of said Chapter 10 [11 U.S.C.A. § 501 et seq.] has been proposed within the time fixed and extended by the court.

"2. That the debtor is insolvent.

"3. That the debtor ceased doing business on or before the first day of September, 1942.

"4. That the document filed April 12, 1943 entitled 'Debtor's Plan of Reorganization' providing for an extension of time for payment of the unsecured obligations of the debtor is in truth and fact an arrangement under the provisions of Chapter 11 of said Title 11 [11 U.S.C.A. § 701 et seq.] and not a plan of reorganization within the terms and provisions of said Chapter 10 and that the relief provided for under said Chapters 10 and 11 are mutually exclusive and that said document was not filed in good faith but was filed for the purpose and with the intent of hindering and delaying liquidation of the debtor's estate in appropriate proceedings."

A hearing was held in the District Court on October 7, 1943, upon appellant's motion. Appellant offered in evidence the proposed plan and the list of claims against the debtor filed by the trustee and impounded by a general order of the court. On objection by the trustee the plan and the list of claims were excluded. No further offer of evidence was made by either party, and on the same day the District Court entered an order denying appellant's motion, without opinion. The present appeal is from that order of the District Court.

The proposed plan and list of claims were incorporated in the record on appeal by designation of appellant and are now before us.

The plan recites that no provision is made for the stockholders of the debtor, "for the reason that all creditors of all classes who have proven their claims according to the orders of the court and upon the approval therewith and in such manner as approved by the court, will be paid one hundred cents on the dollar so that upon completion of the payments of the creditors, as aforesaid, the property, after deduction of costs and expenses, will be returned to the debtor corporation". The plan apparently contemplates the immediate payment in cash in full of all priority debts and all arrears on secured debts. General unsecured creditors are to be paid in full in twenty consecutive monthly installments. Though the petition for reorganization filed by the debtor recited that adequate relief could not be obtained under chapter XI because there were mortgages on the property the terms of which "are burdensome and in need of adjustment", the plan contains no provision for such adjustment.

Section 216 of the Bankruptcy Act, 52 Stat. 895–897, states what a plan of reorganization under chapter X shall include. On its face the plan is obviously defective in several important respects. Section 236 of the Act, 52 Stat. 899, provides:

"Sec. 236. If no plan is proposed within the time fixed or extended by the judge, or if no plan proposed is approved by the judge and no further time is granted for the proposal of a plan, or if no plan approved by the judge is accepted within the time fixed or extended by the judge, or if confirmation of the plan is refused, or if a confirmed plan is not consummated, the judge shall—

\*       \*       \*       \*       \*

"(2) where the petition was filed under section 128 of this Act, after hearing upon notice to the debtor, stockholders, creditors, indenture trustees, and such other persons as the judge may designate, enter an order either adjudging the debtor a bankrupt and directing that bankruptcy be proceeded with pursuant to the provisions of this Act, or dismissing the proceeding under this chapter, as in the opinion of the judge may be in the interests of the creditors and stockholders."

The appellant argues that § 236 required the District Court to enter an order granting its motion. The trustee contends, on

the other hand, that since the plan may be amended at any time, its defects are irrelevant, so far as the issue on the present appeal is concerned, since a plan was in fact filed within the time extended by the court.

It may well be that a motion under § 236 to dismiss the reorganization proceedings will not lie merely because there are minor and curable defects in the proposed plan filed with the court. The defect is more fundamental here, however. The plan is really not a chapter X plan at all, because all it proposes is to effect a composition, or extension of time, with reference to the unsecured debts—in other words, an "arrangement" within the purview of chapter XI. Proceedings under chapter X and chapter XI are evidently mutually exclusive. See §§ 130(7) and 147. Chapter X was intended to be "unavailable to corporations having simple debt and capital structures whose only purpose in resorting to the organization procedure is to gain by delay temporary advantages for the old management". Gerdes, Corporate Reorganizations (1938) 52 Harv. L. Rev. 1, 5.

Where, as here, the so-called plan filed within the time limit set by the court is not merely a defective plan, but is not a chapter X plan at all, we would be inclined to hold that, within the meaning of § 236, no plan has been proposed within the time fixed or extended by the judge, and therefore that termination of the chapter X proceedings is mandatory. We need not rest our decision on this ground, however.

The present "plan" as drafted has not been, and could not be, approved by the judge as an acceptable plan under chapter X. Nor should the judge grant further time for the filing of an amended plan if there is no immediate prospect that the debtor could devise an acceptable plan of reorganization, especially since over a year and a half has elapsed since the debtor filed its petition under chapter X. In that case, the proceedings under chapter X should be terminated. See Lincoln-Alliance Bank & Trust Co. v. Dye, 2 Cir., 1940, 115 F.2d 234. Under §§ 141 and 146 of the Act, 52 Stat. 887, it is pro-

vided that the judge at the outset shall dismiss a petition by the debtor under chapter X if satisfied that "it is unreasonable to expect that a plan of reorganization can be effected." If the petition has been approved, and it later becomes evident to the judge that there is no reasonable prospect of effecting a plan of reorganization, it then becomes his duty to terminate the chapter X proceedings, pursuant to § 236, above quoted.

The heart of the controversy in this litigation is what disposition should be made of the condemnation moneys paid into the District Court by the United States as estimated just compensation for the taking of the Hotel Buckminster, the property of the debtor, for a term for years. There seem to be only two possible alternatives.

(1) If, as suggested by the trustee, the balance of the condemnation moneys after payment of the arrears on the mortgage may be dealt with as general assets, there is no need for a reorganization. It is the trustee's idea that in this way the mortgage will be purged of default, the threat of foreclosure by the mortgagee removed, and the unsecured creditors paid in full. It may well be that the debtor would need an arrangement with the unsecured creditors for an extension of time, but the pending chapter X proceeding could not be kept alive merely to afford the debtor the necessary moratorium. The proceeding could be transmuted into a proceeding under chapter XI, as provided in § 147 of the Act.[1]

(2) If, as urged by appellant, the mortgagee is entitled to the entire condemnation moneys as damages for the partial taking or impairment of its security interest, then no reorganization is possible. Appellant as the holder of the first mortgage and by itself the senior and largest class of creditors, has made it abundantly clear that it will not accept any plan of reorganization which involves any relinquishment of its rights under the mortgage. At the argument before us the trustee conceded that if the mortgagee is entitled to hold the condemnation moneys even though all present arrears on the mortgage are paid up, then it will not be pos-

---

[1] "Sec. 147. A petition filed under this chapter improperly because adequate relief can be obtained by the debtor under chapter XI of this Act may, upon the application of the debtor, be amended to comply with the requirements of chapter XI for the filing of a debtor's petition, and shall thereafter for the purposes of chapter XI be deemed to have been originally filed thereunder."

sible to work out any plan of reorganization.

█ In our opinion on petition for rehearing in the last appeal, 139 F.2d 207, we expressed our doubts as to the proper disposition of the condemnation moneys as between the debtor and the mortgagee. We reserved judgment on the point, since we did not have to decide it at that time. The point has not been briefed or argued on the present appeal, and we need not decide it now. It seems that the right of the mortgagee to the condemnation fund depends upon Massachusetts law, for the act of July 2, 1917, 40 Stat. 241, as amended, 40 Stat. 518, 56 Stat. 177, 50 U.S.C.A. § 171, 50 U.S.C.A.Appendix § 632, which authorizes the Secretary of War to condemn a term for years, provides that the condemnation proceedings shall be "prosecuted in accordance with the laws relating to suits for the condemnation of property of the States wherein the proceedings may be instituted." Though the District Court has not yet considered or passed upon this question of local law, it will necessarily have to do so at a later stage.

█ As matters now stand, a reorganization of the debtor under chapter X is either unnecessary or impossible. In either case appellant's motion should have been granted. The order denying the motion will have to be vacated. Under § 236 it is within the discretion of the District Court either to adjudge the debtor a bankrupt or to dismiss the proceeding under chapter X, as in the opinion of the court may be in the interests of the creditors and stockholders. Of course, if the debtor is not insolvent in the bankruptcy sense it cannot be adjudged a bankrupt. The issue of insolvency has not been passed upon by the court below. As already stated, there is a third alternative; under § 147 the court may entertain a motion by the debtor for leave to amend its petition to comply with the requirements of chapter XI, and if such motion is granted, the petition will "thereafter for the purposes of chapter XI be deemed to have been originally filed thereunder." This of course would result in a termination of the proceedings under chapter X.

The District Court's order of October 7, 1943, is vacated and the case is remanded to that court for further proceedings not inconsistent with this opinion; the appellant recovers costs of appeal.