## JOHN HANCOCK MUT. LIFE INS. CO. v. THOMPSON, Collector of Taxes, et al.

### No. 4030.

Circuit Court of Appeals, First Circuit.

Dec. 22, 1944.

G. K. Richardson, of Boston, Mass., for appellant.

Hirsh Freed, Frank J. Murray, Corp. Counsel, and William H. Kerr, all of Boston, Mass., for appellee Merritt Thompson, Collector of Taxes.

J. C. Johnston, of Boston, Mass., for Casey, Trustee, did not file brief nor argue.

Before MAGRUDER, MAHONEY, and WOODBURY, Circuit Judges.

PER CURIAM.

Carlton Hotel, Inc., hereinafter referred to as the debtor, is the owner of premises known as the Hotel Buckminster in Boston. John Hancock Mutual Life Insurance Company, hereinafter referred to as the mortgagee, is the holder of a first mortgage on the premises.

On August 5, 1942, the debtor filed in the court below its petition for reorganization pursuant to Chapter X of the Bankruptcy Act, 11 U.S.C.A. § 501 et seq. This petition was approved on August 18, 1942, and a trustee appointed.

Meanwhile, on August 17, 1942, the United States filed, also in the court below, a petition for condemnation of the Buckminster Hotel premises except that portion thereof occupied by the Yankee Network, Inc., as lessee. The interest sought to be taken was "a term for years ending June 30, 1945 * * * said term to be cancellable at the election of the United States on June 30, 1943, or on June 30, 1944, which election shall be signified by the giving of sixty days' notice." The United States deposited with the clerk of the court the sum of $34,945 as the estimated just compensation for taking the use and occupation of the premises from August 17, 1942, to June 30, 1943. Judgment was entered for the United States on the petition for condemnation and statutory declaration of taking filed pursuant to 40 U.S.C.A. § 258a.

There have already been four appeals to this court by the present appellant, the mortgagee, on one or another phase of the above reorganization and condemnation proceedings. John Hancock Mutual Life

Insurance Co. v. Casey, 1 Cir., 1943, 134 F. 2d 162, certiorari denied 319 U.S. 757, 63 S.Ct. 1176, 87 L.Ed. 1709; John Hancock Mutual Life Insurance Co. v. Casey, 1 Cir., 1943, 139 F.2d 207 (two cases); John Hancock Mutual Life Insurance Co. v. Casey, 1 Cir.,1944, 141 F.2d 104, certiorari denied 65 S.Ct. 39. Reference to the opinions in these cases will give a fuller background of the litigation.

On August 24, 1943, the United States filed an amendment to its declaration of taking in the condemnation proceedings, correcting the estate to be acquired so as to read as follows: "The estate taken for said public uses is a term for years ending June 30, 1944, extendable for yearly periods thereafter during the existing national emergency at the election of the United States, notice of which election shall be filed in this proceeding at least sixty days prior to the end of the term taken or subsequent extensions thereof, * * *" At the same time, the United States deposited in the registry of the court the further sum of $40,000 as the estimated just compensation for the taking of the property for the term commencing July 1, 1943, and ending June 30, 1944.

On February 1, 1944, the City of Boston filed in the condemnation proceedings a petition for an order disbursing to it out of said sum of $40,000 the unpaid amount of the 1942 and 1943 real estate taxes and charges for water used by the debtor prior to the taking. After a hearing at which the mortgagee appeared in opposition to the petition, the District Court on June 22, 1944, granted the City's petition and ordered the clerk to pay over to the City the sum of $19,998.09. This is the order now appealed from.

The District Court, in a memorandum opinion, pointed out that "since interest is accruing, the payment of these taxes and charges will benefit the estate and all interested in the estate and the mortgaged property," and it based its authority to make the disbursement upon the provision of 40 U.S.C.A. § 258a, that the court in which the condemnation petition is pending "shall have power to make such orders in respect of encumbrances, liens, rents, taxes, assessments, insurance, and other charges, if any, as shall be just and equitable." Under the particular circumstances of this case, it would seem that the order of disbursement was within the discretion of the court as conferred by this provision of the

Code. It is, however, not necessary for us to dispose of the case on this point, nor to examine into the rather involved arguments which have been addressed to us in support of and in opposition to the order appealed from. Whether or not some other person or persons might have been entitled to object to the order, the mortgagee is in no position to complain. Cf. In re Michigan-Ohio Building Corporation, 7 Cir., 1941, 117 F.2d 191. Its right is subordinate to the claim of the City for taxes, and at the oral argument its counsel conceded that the same disbursement might properly have been made in the reorganization proceedings out of the rental moneys in the hands of the trustee received from the Yankee Network, Inc., a continuing lessee in the building. It was to the benefit of the mortgagee as well as the debtor that the running of interest charges on the unpaid taxes should be terminated. No possible harm or disadvantage, so far as we are able to see, can come to the mortgagee from the satisfaction of the City's claim for taxes in the manner provided by the order under review.

The appeal is dismissed.