Alex CAPLAN, Appellant,

v.

C. Gordon ANDERSON et al., Appellees.

No. 17117.

United States Court of Appeals
Fifth Circuit.

June 5, 1958.

Jackson L. Peters, Miami, Fla., M. James Spitzer, New York City, Knight, Smith, Underwood & Peters, Miami, Fla., Reich, Spitzer & Feldman, New York City, of counsel for appellant.

J. Edward Worton, William M. Manker, Stuart W. Patton, Don G. Nicholson, Miami, Fla., Francis D. Wheeler, Jacksonville, Fla., Joseph G. Weiss, Miami, Fla., for appellees.

Before HUTCHESON, Chief Judge, and TUTTLE and WISDOM, Circuit Judges.

HUTCHESON, Chief Judge.

This is an appeal, 11 U.S.C.A. §§ 47, 521, from two orders, one entered on January 31, the other on February 10, 1958, in a "Proceeding for Reorganization[1] in the Matter of T. M. T. Traylor, Inc., Debtor No. 3659—M—Bankruptcy."

Brought here by the trustee in two first preferred ship mortgages on four vessels

given to secure the sum of $300,000, the object of the appeal was and is to obtain a review of the actions and orders of the district court denying it the relief sought. This as appellant states it in his brief, was "to vacate in respect of his two mortgages a stay enjoining enforcement of liens upon property of the debtor and to obtain leave to foreclose the mortgages and to adjudicate the debtor bankrupt."

In emphasis of his plight, his need for relief therefrom, and the consequences of its continuance, appellant begins his brief with this preliminary statement:

"Although this proceeding has been pending 9 months (as of the date of the preparation of this brief), the Court below has never taken any testimony herein. All matters have been summarily decided on perfunctory and often curtailed oral argument.

"To appellant's various petitions, some documented, no answer has ever been filed by appellees or any other party, so that they necessarily stand undenied or admitted. They were nevertheless uniformly denied or not acted upon by the Court below.

"To every petition filed by appellees and contested by appellant, he served a responsive pleading. None

---

[1]. Debtor was a maritime carrier, transporting truck trailers loaded with freight primarily between Jacksonville, Florida, and San Juan, Porto Rico. Vessels were used in a manner similar to railroad pick a back with loaded trailers rolling on at point of origin and rolling off at point of destination.

On June 27, 1957, three creditors instituted this proceeding by filing an involuntary petition under Chapt. 10, 11 U.S.C.A. § 501 et seq., alleging that debtor was unable to pay its debts as they mature, had committed various acts of bankruptcy, had insufficient earnings to meet its operating expenses, fixed charges, and secured debt requirements, and is insolvent.

Debtor moved to dismiss the petition as being judicially defective and not filed in good faith and that it was not reasonable to expect that a plan of reorganization can be effective. The motion was

denied July 11, 1957, and debtor thereafter filed an answer to the identical effect. On July 12, 1957, while still challenging the very foundation of the proceedings as being judicially defective and not filed in good faith, debtor affirmatively applied for and obtained ex parte with the consent of only the petitioning creditors a broad order staying actions prior to approval of the plan, and debtor was permitted to continue to operate its business under the court's protection until Nov. 11, 1957. At that time the debtor withdrawing its opposition, the court found that the petition was filed in good faith and that it complied with the requirements of Chapt. 10, and approved it, appointing appellees reorganization trustees to carry on, manage, conduct, and operate the business of the debtor, and they have been in charge since that date.

of the issues so framed was ever tried, nor did the court below make (or could it have made) adverse findings or conclusions. In almost each instance, however, appellant's objections were disregarded or overridden."

Thus beginning and focusing attention upon the fact that the court took no evidence upon the condition of the debtor, the plight of the mortgage creditor, the prospects for, or even the chance of effecting a reorganization, he relies also upon the inadequacies and insufficiencies of the ground relied on by the district judge in the order of February 10th for denying his petitions. This, as stated in the order, was:

"That with the exception of one or two creditors all parties in interest have approved the continuance of the business of the Debtor, which involves the denying of the petition of the mortgage creditor Alex Caplan who is not, in the Court's opinion, being harmed except by the use of his property for which the Court has ordered the Trustee to reserve for immediate mortgage payment a reasonable compensation, and that in the Court's opinion the petitioner Alex Caplan appears to be amply secured and that Trustee's operation involves no greater risk than did the debtor's, and for these reasons it is

"Ordered and Adjudged that the petition and supplemental petition of the said Alex Caplan be and the same are hereby denied without prejudice to his right to renew his petition in the event future developments warrant;"

Urging upon us that on the record it appears: that no one has come up with a plan for reorganization; that no evidence has been offered to show that there is any probability, indeed possibility, of a successful reorganization, none that plaintiffs' security is not being jeopardized; that, while no evidence has been taken in support of any of the court's orders, the facts of record as to the large secured indebtedness make it apparent that no successful reorganization could occur; that the court has never received any sworn testimony or documentary proof, of debtor's assets and liabilities, as to whether it has any equity in any assets, or whether it has operated or could operate at a profit or a loss; that no accounting has been filed and very few assets have been appraised; appellant hammers on his theme that it is crystal clear that debtor's position is utterly hopeless, and appellant's security is being jeopardized in an indefensible speculation. Arguing from these premises and invoking the law that a stay may not properly be issued as the automatic result of a petition for reorganization and if granted may not be continued in the absence of a clear showing that a reasonably early reorganization is feasible, and insisting that these proceedings have been begun and continued solely on the basis of the speculative hopes and wishful thinking of those who, having nothing to lose and everything to gain if the speculation turns out to be a success, appellant, urging upon us that the order appealed from should be reversed with directions to dismiss the proceeding, cites many cases supporting his view.[2]

Pointing to the fact that Sec. 546, 11 U.S.C.A. provides that "petition shall be deemed not to be filed in good faith if * * * (3) it is unreasonable to ex-

2. First National Bank of Wellston v. Conway Road Estates Co., 8 Cir., 94 F.2d 736; Lincoln-Alliance Bank & Trust Co. v. Dye, 2 Cir., 108 F.2d 38, reversed 115 F.2d 234; In re Murel Holding Corp., 2 Cir., 75 F.2d 941; In re New York, New Haven & Hartford R. Co., 2 Cir., 102 F.2d 923; In re Prudence Co., 2 Cir.,

90 F.2d 587; In re Tennessee Publishing Co., 6 Cir., 81 F.2d 463, affirmed sub. nom. Tennessee Publishing Co. v. American National Bank, 299 U.S. 18, 57 S.Ct. 85, 81 L.Ed. 13; In re 235 West 46th St. Co., 2 Cir., 74 F.2d 700, 27, 29; Matter of General Stores, D.C., 147 F.Supp. 350.

pect that a plan of reorganization can be effected" and invoking the principle of law that whatever might have been the case at the time the petition was filed, whenever want of good faith in the foregoing sense appears, the proceedings should be forthwith dismissed, it insists that it has been and is being deprived of due process in the enforcement of its mortgages and that the judgment should be reversed with directions to afford him relief.

Appellees state the question for decision as follows:

"Has the reorganization court abused its discretion in refusing to grant the appellant's petition to modify the stay order of the court in order that the appellant may proceed to foreclose his mortgages on the vessels encumbered, the effect of which would be to put the debtor in reorganization completely out of business?"

Insisting that it should be answered in the negative and citing the decision of this court in Central Hanover Bank & Trust Co. v. Callaway, 135 F.2d 592, they urge upon us that the record will show: that there has been progress made toward the liquidation of a substantial portion of the balance of the obligations to appellant; and that, as in the Central Hanover case, the record in the court below, under the circumstances surrounding and attending the proceedings, supports the orders and actions of the court.

Pointing to the differences in the time that the restraining orders had been allowed to remain in effect in the Murel and Prudence cases relied on by appellant and to the fact that the judge below stated in his order that the appellant was amply secured for his indebtedness and further ordered that the petition be denied without prejudice to the right to renew his motion to vacate the stay order in the event further developments warrant, appellees insist that no abuse of discretion is shown and that the judgment should be affirmed.

■■■ Of the clear opinion: that the order appealed from should be reversed with directions for an immediate and full hearing on appellant's petition for relief, because (1) it was entered without a hearing and determination on the merits of appellant's claim for relief,[3] and (2) the reasons stated in the order for its entry did not support it; it will be sufficient, without elaborating on our reasons, to quote from Central Hanover Bank & Trust Co. v. Callaway, supra,[4] and to say that, on this record, which does not show with the definiteness and certainty required that appellant's rights as a secured creditor are not being and will not be jeopardized by the continuance of the stay, appellant's petition should have been granted.

The judgment is therefore reversed to afford appellant an immediate hearing and unless immediate and satisfactory provision is made for the protection and satisfaction of his debt, or a clear showing is made that his rights will not be affected by further delay, the stay of proceedings to foreclose his liens must be vacated and he must be permitted to proceed with foreclosure of his lien.

3. Cf. Rule 65(b), Fed.Rules Civ.Proc. 28 U.S.C.A., which is interpreted to mean a hearing of the facts pertinent to a decision on the motion. Hawkins v. Board of Control of Florida, 5 Cir., 253 F.2d 752; Sims v. Greene, 3 Cir., 161 F.2d 87.

4. "We do not mean to hold, however, that so long as the bankruptcy proceedings are pending the Court would be justified in restraining the appellant from the exercise of its legal rights in the enforcement of its security. It should not be indefinitely restrained. To do so would be an abuse of discretion, and unless a feasible plan of reorganization is seasonably presented appellant should be allowed to proceed. The lack of due diligence on the part of the Debtor in proceeding to a reorganization will not be rewarded by a favorable exercise of the Court's discretion to the material prejudice of appellant, but we cannot say that the continuance heretofore granted by the lower Court, under the circumstances, was an abuse of discretion." [135 F.2d 595.]