**Alex CAPLAN, Appellant,**

v.

**C. Gordon ANDERSON et al., Appellees.**

**No. 17427.**

United States Court of Appeals
Fifth Circuit.

Sept. 27, 1958.

Jackson L. Peters, Miami, Fla., M. James Spitzer, New York City, for appellant.

Francis D. Wheeler, Jacksonville, Fla., Don G. Nicholson, Stuart W. Patton, J. Edward Worton, Miami, Fla., Malsolm S. Mason, New York City, Milton Weiss, Miami Beach, Fla., for appellees.

Before HUTCHESON, Chief Judge, and TUTTLE and WISDOM, Circuit Judges.

PER CURIAM.

Order: Appealing from an order [1] entered on August 8, 1958, In the Matter of TMT Trailer Ferry, Inc., appellant is here alleging that in making the order, the district judge "did not afford the appellant the relief required by the mandate and judgment of this court and has circumvented the plain effect of the mandate by referring the matter to a Master for the taking of testimony where the evidence before him demanded a finding:

(a) that appellant's security continues to be in jeopardy; (b) that the debtor corporation has absolutely no equity in the mortgaged vessels, and (c) that the reorganization proceedings were not commenced and are not being continued in good faith in the statutory sense" and that "the appellant is plainly without remedy save by order of this court."

Based on these allegations and allegations that the appellant is expediting the preparation of the appeal, appellant moves the court: "(a) that a stay order be entered enjoining any further proceedings before the Special Master until the merits of this appeal have been determined, or in the alternative that the Court enter an order that the proceedings before the Special Master insofar as they affect the rights of the Appellant be enjoined and stayed pending final determination of this appeal on its merits; and (b) that an order of court be entered herein directing the Clerk of this court to expedite the printing of the record on appeal and to assign this case for hearing at the earliest possible setting; and (c) that an order of court be entered authorizing the Appellant where necessary to refer to the record on appeal in the former appeal to this court, being Case No. 17117, styled Alex Caplan, Appellant v. C. Gordon Anderson, et al., Appellees [5 Cir., 256 F.2d 416]; and (d) such other order as this court may deem appropriate to carry into effect or enforce the provisions of its mandate and judgment."

Upon consideration of the motion and of the answers thereto filed by the appellees, C. Gordon Anderson and Joseph J. Clark, Trustees, and Merrill-Stevens Dry Dock & Repair Company, the Court, of the opinion that the appeal should be expedited and its hearing be brought on at the earliest practicable date on a rec-

---

1. (1) Appointing a Special Master to take the testimony of the parties (a) on the validity and amount of the mortgages and maritime or other liens asserted against the vessels involved in this proceeding and (b) the respective priorities among the liens;

(2) Fixing the times for (a) filing proofs of and objections to claims, (b) taking the testimony thereon, and (c) the filing of the Master's report with all convenient speed;

(3) Deferring the determination of the merits of the petition of Caplan for an order in conformity with the mandate of this court; and

(4) Requiring the trustee to serve a copy of the order on all parties.

ord to consist of the record on the former appeal and the additional record made on this appeal, It Is So Ordered.

Of the further opinion that the proceedings before the Master, including his report, if promptly and expeditiously conducted and brought to a close, should not be stayed but should be permitted to proceed, and that the stay now sought should not be granted, It Is So Ordered, but without prejudice to the right of appellant to renew his motion if the proceedings before and by the Master are not conducted expeditiously as required by the order.

Finally, since appellant in his motion alleges that "he cannot appear in the proceedings before the Special Master pursuant to the provisions of the order of August 8, 1958, without prejudice to his right to appeal from that order", and the court is of the opinion that, in the interest of bringing these matters to a close, he should so proceed, it is further Ordered that appellant's appearance in those proceedings shall be without prejudice to his right to appeal from the order.