**In the Matter of O. V. CORP., Debtor.**

**Harry A. Adams, a Secured Creditor of O. V. Corp., the Debtor Corp., Appellant.**

**Nos. 16554–16556.**

United States Court of Appeals
Third Circuit.

Argued May 5, 1967.

Decided May 17, 1967.

Charles M. Solomon, Philadelphia, Pa. (Fox, Rothschild, O'Brien & Frankel, Philadelphia, Pa., on the brief), for appellant.

Leon S. Forman, Philadelphia, Pa., for appellee trustees. R. Jere Bloche, Philadelphia, Pa., for appellee debtor.

Before STALEY, Chief Judge, and BIGGS and HASTIE, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM:

The appellant is a second mortgagee who lawfully acquired possession of the mortgaged property, an apartment house, and is managing it and collecting rents. On March 27, 1967, with the mortgagee in possession, the corporate owner, the debtor here, filed a voluntary petition for reorganization under Chapter X of the Bankruptcy Act and on the following day the petition was approved and a trustee appointed.

On April 5, 1967, without notice to the appellant, the trustee filed a petition asking that the bankruptcy court order the appellant to surrender possession of the apartment house. The same day, the court entered an ex parte order directing the appellant to surrender the building to the trustee. The court undertook to act under authority of the provision of section 257 of the Bankruptcy Act that the trustee "shall also have the right to immediate possession of all property of the debtor in the possession of * * * a mortgagee under a mortgage". 11 U.S.C. § 657.

On April 7, 1967, the appellant, not yet having surrendered possession, petitioned the court to vacate its turnover order. The same day, the appellant also filed a petition to dismiss the Chapter X proceeding, alleging that it had not been filed "in good faith" within the meaning of section 146 of the Bankruptcy Act. The same day, the court heard oral argument on both motions. The record shows that during argument counsel for the appellant stated his desire for a "full hearing" in order to support his contentions with evidence. Nothing in the record suggests that either the motion to vacate or the petition to dismiss was frivolous or filed in bad faith. However, the court disposed of the motion to vacate the turnover order by denying it summarily. Similarly, the court summarily denied the petition to dismiss the Chapter X proceeding. This appeal from the order of April 5, 1967 and the two orders of April 7, 1967, followed.

In this posture of the case we consider and decide only that the appellant was and is entitled to a plenary hearing on both of the requests for relief which he filed on April 7, 1967. Whatever power the court may have had to enter an ex parte turnover order in first instance, once the party in possession had filed a motion to vacate the court could properly exercise its discretion whether to adhere to and enforce its ex parte ruling only after it had heard and weighed whatever showing the parties might make concerning the justification for and desirability of the transfer of possession from the secured creditor to the trustee. It is equally clear that no informed ruling could be made on the charge of "bad faith" in the initiation of the Chapter X proceeding without a full hearing.

Accordingly, both orders of April 7, 1967 shall be vacated and the cause remanded for full hearings on the motion to vacate the April 5, 1967 turnover order and on the petition to dismiss the Chapter X proceeding. At the same time, the turnover order of April 5, 1967 shall stand, but its operation shall be stayed pending the district court's disposition of the motion to vacate it.