In the Matter of **RIKER DELAWARE CORPORATION**, a Delaware Corporation, et al., Debtors.

**James Talcott, Inc., Appellant.**

**No. 16725.**

United States Court of Appeals
Third Circuit.

Argued Sept. 29, 1967.

Decided Oct. 17, 1967.

W. Bradley Ward, Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., (Schnader, Harrison, Segal & Lewis, William T. Hangley, Philadelphia, Pa., Hannoch, Weisman, Stern & Besser, Irwin I. Kimmelman, Newark, N. J., on the brief), for appellant.

Joseph Markowitz, Trenton, N. J. (Michael A. Zindler, Trenton, N. J., Benjamin Asbell, Camden, N. J., on the brief), for appellees-trustees.

Richard V. Bandler, Asst. Regional Adm'r, S.E.C., New York City, for Securities and Exchange Commission.

Before McLAUGHLIN, HASTIE and FORMAN, Circuit Judges.

## OPINION OF THE COURT

HASTIE, Circuit Judge.

In a proceeding for corporate reorganization under Chapter X of the Bankruptcy Act, a mortgagee in possession of encumbered property of the debtor may be required to surrender that property to the court appointed trustee, as explicitly provided in section 257 of the Bankruptcy Act. 11 U.S.C. § 657. Questions are raised here concerning the principles which govern such a turnover and particularly whether a referee in bankruptcy, rather than a district judge, may order such a turnover.

The debtors, a complex of corporations headed by Riker Delaware Corporation, had borrowed over $1,500,000 from James Talcott, Inc., giving as security second and third mortgages upon some eleven valuable commercial, industrial and residential rental properties. When the loan became seriously in default, Talcott, acting pursuant to the terms of its mortgage and with the debtor's consent, took possession of the properties and assumed their management. Talcot also instituted foreclosure proceedings.

In April, 1967 the debtor group filed this Chapter X proceeding. The court appointed trustees and referred the matter to a referee. Upon the trustees' motion and after a hearing, the referee on July 7, 1967 ordered Talcott to surrender possession of the mortgaged properties to the trustees. The trustees took possession and Talcott promptly asked the District Court to review the turnover order. That petition is still pending. Talcott also asked the district court to suspend the turnover order pending review. After argument, the district court denied that request and Talcott took this appeal from that denial.

At the same time, Talcott asked this court to suspend the turnover order pending disposition of this appeal. On July 27, 1967 we denied that request but prohibited the trustees from using the income of the properties in question for anything other than the routine costs of operation and maintenance pending our disposition of this appeal.

We consider first whether in a Chapter X proceeding a referee, rather than a district judge, may require a mortgagee in lawful possession to surrender the debtor's property.

Section 257 gives the trustee "the right to immediate possession of all property of the debtor in the possession of * * * a mortgagee under a mortgage." Obviously, that section contemplates transfer pursuant to an authoritative order, but it neither specifies the judicial officer who shall act upon the trustee's request for a turnover nor states that considerations pro and con shall be weighed in each case before such a turnover is ordered. However, the cases properly suggest that a court's disposition of such a matter as this should be predicated upon a determination and weighing of potential advantage of the requested turnover in facilitating corporate reorganization on the one hand, and the likelihood of loss to the secured creditor in possession on the other. In re Third Ave. Transit Co., 2d Cir. 1952, 198 F.2d 703; cf. In the Matter of O. V. Corp., 3d Cir. 1967, 378 F.2d 361; Cap-

lan v. Anderson, 5th Cir. 1958, 256 F.2d 416. An ex parte, unconsidered or routinely entered turnover order would disregard the harsh character of the imposition upon the secured creditor in possession and the danger that he be subjected to serious impairment of his security without real prospect of compensating advantage to all concerned through a successful reorganization of the financially embarrassed debtor. A turnover of property in which the debtor had no demonstrable equity could be confiscatory. And a turnover without prospect of reorganization would be alien to the purpose of a Chapter X proceeding.

Moreover, action depriving a mortgagee of the possession and income of property which he has obtained pursuant to his bargain before bankruptcy is so drastic an expedient as to make it desirable that the judicial officer with primary authority and responsibility in the premises, rather than a delegatee, should make the decision. It is also to be considered that if a turnover should be required pursuant to a referee's order and the district judge should thereafter overrule the referee's decision, the result would be to subject income producing property to two changes of possession and management within a short period. Unnecessary costs would be incurred and pointless disruption of business administration would be suffered in such marching up a hill and down again. Finally, our decision is influenced by the fact that Chapter X reserves to the district judge the power to stay or enjoin proceedings to enforce liens upon the property of the debtor. 11 U.S.C. § 516. *A fortiori,* the exercise of the more drastic power of taking liened property out of the lawful possession of a mortgagee should be a non-delegable function of the district judge. 6 Collier, Bankruptcy, 14th ed. 1965, 516.

■ Therefore, although the statute is silent on the subject, we decide that as a matter of sound policy in bankruptcy administration a district judge should not delegate the turnover power to a referee, though he may, if circumstances so dictate and hurtful delay will not result, assign a dispute over a requested turnover to a referee as a master for hearing and report to the court. At present, practice in this regard differs from district to district within this circuit. Our decision in this case should bring about desirable uniformity.

■ Our ruling that district judges should not delegate turnover power to referees is not fully dispositive of this case. That ruling is not predicated upon jurisdictional grounds, and therefore, the turnover order by the referee in this case is not void. Moreover, the matter is now before the district judge on a petition to review the referee's order. We are advised that hearing on that petition has been postponed, and properly so, because of the pendency of this appeal. The court should now proceed with that hearing as promptly as circumstances permit, but, in so doing, should give no greater effect to the referee's findings and conclusions than would normally be accorded a master's report and recommendations. Of course the court will be free to receive and consider any proffered additional evidence.

Finally, we think no constructive purpose would be served by suspending the referee's turnover order and restoring the mortgagee's possession *pendente lite.* However, we will keep our order of July 27, 1967, restricting the trustee's use of the income of the mortgaged property, in force and effect until the district court shall decide whether a turnover is appropriate in this case.

The order denying a stay will be affirmed and the cause will be remanded to the district court for further proceedings consistent with this opinion. A separate order will be entered extending the effective period of our order of July 27, 1967.