**In the Matter of O. V. CORP., Debtor, etc., Harry A. Adams, Secured Creditor of O. V. Corp., Appellant.**

**No. 16716.**

United States Court of Appeals Third Circuit.

Argued Nov. 22, 1967.

Decided Dec. 5, 1967.

Charles M. Solomon, Fox, Rothschild, O'Brien & Frankel, Philadelphia, Pa., for appellant.

Leon S. Forman, Wexler, Mulder & Weisman, Philadelphia, Pa., for appellee.

Before HASTIE, FREEDMAN and VAN DUSEN, Circuit Judges.

## OPINION OF THE COURT

### PER CURIAM:

This case is here for the second time. The earlier appeal resulted in a remand to the district court with instructions to grant hearings on (1) a petition of Harry Adams, a secured creditor, to dismiss the petition of the debtor, O. V. Corporation, for reorganization under Chapter X of the Bankruptcy Act as not filed "in good faith" within the meaning of section 146 of the Act, and (2) a motion of the same creditor to vacate a turnover order requiring it, as a mortgagee in possession, to surrender an apartment house, the only substantial asset of the debtor, to the trustee. 378 F.2d 361.

The district court granted a plenary hearing on both matters as directed and thereafter made findings of fact and conclusions of law and denied both the petition to dismiss the Chapter X proceeding and the motion to vacate the turnover order. This appeal followed.

A few weeks ago, in In re Riker Delaware Corp., 3 Cir., 385 F.2d 124, we stated the equitable considerations which should control judicial discretion in deciding whether a mortgagee in possession should be required to surrender property of a debtor to a trustee in bankruptcy. Evaluating the evidence in this case in the light of those principles, we cannot conclude that the challenged turnover constituted an abuse of discretion. Therefore, we will not disturb the turnover order.

We also conclude that the record, though not notably impressive, is sufficient to justify the district court's holding that the Chapter X proceeding was instituted "in good faith". In this connection we are satisfied that the evi-

dence of value of the apartment building introduced by the trustee was competent. We cannot say that the likelihood of successful reorganization is so small and the likelihood of impairing the mortgagee's security is so large that opportunity to accomplish the proposed reorganization should be denied.

At the same time we observe that the district court has required the trustee to file bi-monthly reports of the progress of the effort to reorganize the debtor. We are confident that this proceeding will receive the close and continuing scrutiny of the district court to the end that it not become unduly protracted and that the mortgagee's security not be burdened unreasonably with the heavy costs of a long bankruptcy administration.

The orders of the district court will be affirmed.