## In re GRANADA HOTEL CORPORATION.
### No. 2613.

District Court, E. D. Illinois.
Feb. 26, 1935.

Frank McAllister, of Chicago, Ill., for petitioning creditors.

D. K. Jones, of Defrees, Buckingham, Jones & Hoffman, of Chicago, Ill., for bondholders' committeee.

LINDLEY, District Judge.

Parties holding bonds of the Granada Hotel Corporation, secured by trust deed, filed herein on December 31, 1934, their creditors' petition under section 77B of the Bankruptcy Act (11 USCA § 207), seeking reorganization of the property, which consists of an apartment building of some 200 apartments. The defendant corporation made no response to service of subpœna, and has been defaulted. Evidence has been submitted upon the question of good faith, from which it appears that the petitioners are bona fide bondholders, who received their securities largely in consideration of services rendered in the construction of the building.

The City National Bank & Trust Company, as trustee, on January 22, 1935, filed its special and limited appearance, urging that the court has no jurisdiction, for the reason, as it alleges, that the Granada Hotel Company some time ago conveyed its property to the Granada Apartment Company. The trustee filed also its intervening petition, asserting the same facts, and, further, that in a foreclosure suit pending in the state court a receiver, originally appointed to hold possession of the premises pending foreclosure, had been discharged, and that an order had been entered in that court putting the trustee in possession. The trustee contends, therefore, that it is an adverse holder, and that the court has no jurisdiction over it or the property in its possession. A bondholders' committee appeared for the purpose of attacking the jurisdiction of the court, asserting that the state court proceedings does not constitute an equity receivership within the meaning of section 77B.

As the court has previously pointed out, the intent of Congress apparently was to give the holders of bonds in default an opportunity to have property securing their bonds reorganized in the federal court in lieu of liquidation under foreclosure in either the state or federal court. Acting in pursuance of that right, the creditors, after patience with long-extended foreclosure proceedings, not yet blossoming into decree, have filed their petition in proper form and submitted their evidence. The court finds that the petition was filed in good faith and should be approved.

■■■ The court is not impressed with the contention that the facts related do not constitute an equity receivership, essential to jurisdiction of this court. As is frequently observed, a receiver is a fiduciary of the court, appointed as an incident to other proceedings wherein certain ultimate relief is prayed. The trustee here, likewise, is a fiduciary of the state court and is acting under the orders, directions and control of that court. Words of themselves are unimportant. Whether the trustee be called a receiver, a guardian, a custodian, or by some other name, it remains, in its essence, a fiduciary in possession of property pending the outcome of foreclosure, holding under the

court's order, incidentally to the ultimate purpose of the state proceedings. Consequently there is an equity receivership within the meaning of that term as used by Congress.

Upon the question of whether the trustee is an adverse holder, the court at this time expresses no opinion. The effect of any conveyance from one corporation to another of similar name is not now before the court. Whether the facts are such that there is a holding of title adverse to the trustee is a question which must be determined from evidence submitted after full hearing. It is well recognized that this court has jurisdiction to examine the character of alleged adverse holdings and determine whether claims of adverse title is merely colorable or is asserted in good faith. But this court is not now examining or determining that question.

The trustee contends that there should be no restraining order against the foreclosure proceedings in the state court. Those proceedings have been pending for some four or five years and have not yet reached final decree. I am advised by counsel that the ultimate effect of a decree will be to bar certain parties claiming some interest. It seems desirable, therefore, that those proceedings be allowed to proceed to a decree. Such prosecution may result in the saving of time and expense in marshaling and liquidation of claims. However, it is desirable that no sale be had until it can be determined what is to be done under the present proceedings. I take it that counsel will not proceed to a sale without further communicating with the court. Consequently, I shall at this time issue no restraining order against the prosecution of the foreclosure proceedings to an ultimate decree of foreclosure, but the court will be open at all times, if necessary, for the purpose of entertaining application for injunction against a sale of the property.

Accordingly, the court finds that there is an equity receivership within the meaning of the statute; that the court has jurisdiction of the petition; that same was filed in good faith and that a temporary trustee should be appointed, notice given to creditors, and hearing had as to the appointment of a permanent trustee. Proper order may be submitted. The court appoints Fred C. Myers as temporary trustee, with directions, however, not to take possession of the property but to investigate and report fully. He should have counsel so that he can determine whether there is reasonable ground for him to invoke the jurisdiction of this court to determine in a summary proceedings whether claim of title is made in good faith or is merely colorable, or whether he should proceed with a plenary suit for such relief as the facts will warrant. Accordingly, no bond is necessary at this time.