**In re FRANCES E. WILLARD NATIONAL TEMPERANCE HOSPITAL.**

**CAMPE v. BILLS et al.**

**Nos. 5624, 5639.**

Circuit Court of Appeals, Seventh Circuit.

March 25, 1936.

Walter P. Murphy, Joseph P. Savage, Walter Wm. Pearson, William F. McLaughlin, and Lawrence L. O'Connor, all of Chicago, Ill., for appellant.

Frank R. Leonard, Marshall Solberg, Vincent J. Green, and John Mulder, all of Chicago, Ill., for appellees.

Before EVANS, SPARKS, and ALSCHULER, Circuit Judges.

SPARKS, Circuit Judge.

This appeal challenges the validity of a turnover order entered by the District Court on the ground that the court was without jurisdiction to enter such an order in a summary proceeding directed against a mortgagee who, after default, had been in possession of the mortgaged premises for three years preceding the filing of an involuntary petition for reorganization under section 77B of the Bankruptcy Act (11 U.S.C.A. § 207). Appellee, the temporary trustee appointed by the court in connection with the reorganization proceedings, relied upon the alleged consent of appellant to the summary adjudication of his rights in the proceeding.

The petition for reorganization was filed on June 1, 1935, by three creditors of the debtor who stated that they had provable claims against it amounting to $1,000 in excess of the value of securities held by them, which claims were based on bonds of the face value of $2,500, part of an issue by the debtor to secure an indebtedness of $450,000; that because of defaults existing under the terms of the trust deed, foreclosure proceedings had been instituted by appellant, the successor trustee under the trust deed, a decree of foreclosure entered by the Superior Court of Cook County, and a judgment for $457,-239, entered, but that no sale had been had; that there was also due the sum of $70,000 under a second mortgage, and approximately $12,000 to general creditors; that the debtor was unable to meet its debts as they matured, and that all of its assets consisting of real estate and hospital equipment would not exceed the value of $400,000, and that said assets were then in the possession of Campe, successor trustee; that the debtor had not filed in any court a petition or answer under section 77B of the Bankruptcy Act; that petitioners proposed that the debtor should effect a reorganization under the provisions of that Act; and that there was then pending an equitable proceeding in the Superior

Court of Cook County wherein a foreclosure decree had been entered, and another suit in the same court. The petitioners prayed the appointment of a trustee of the debtor's estate, to be authorized and empowered to operate the business of the debtor, and that any judicial proceedings against the debtor on claims for which a discharge would be a release be stayed until after final decree, and that petitioners be permitted to submit a plan for reorganization of the debtor, including any disposition to be made of its assets.

On June 6, appellant filed a petition setting out that he was the successor trustee under a certain deed of trust given by the debtor to secure its indebtedness on the premises occupied by it, and that it would be to the best interests of the estate if he were allowed to intervene and file his appearance in order that he might be apprised of all proceedings for the further protection of the estate in his care and custody, and asking that an order be entered permitting him to file his appearance instanter and requiring that notice of all future proceedings in the cause be given to his attorneys, and for such other and further relief as to the court might seem fit. In accordance with that petition, the court ordered that leave be given appellant to file his appearance, and that notice of all motions be served on his attorneys. It is upon this petition and appearance that appellee relies as conferring consent to the summary adjudication of appellant's rights in the proceedings.

On June 24, the debtor filed its answer stating that it had not operated its hospital in its own behalf since March 1, 1932, when possession was taken by appellant in a suit to foreclose, and that the hospital had been operated by appellant for the benefit of himself and the bondholders whom he represented in that foreclosure; it admitted its inability to pay its debts as they matured; it also stated its willingness to effect a reorganization and that it had approached appellant with that in view, but that appellant was unwilling to consider any plan which did not contemplate the payment in full of all bondholders whom he represented in the foreclosure proceedings although appellant knew that such payment in full was utterly impossible. It stated that in the three years during which appellant had been operating the hospital he had applied no part of the income to the reduction of the indebtedness.

The matter was referred to a special master who heard oral objections of the appellant, the nature of which does not appear in the record. His report recommending that the objections to the petition be overruled and finding that the petition was filed in good faith was confirmed, and the petition and answer approved by the court on August 1, 1935. On August 21, an order was entered appointing appellee temporary trustee and directing him to take possession of the assets of the debtor, ordering all persons having in their possession any property of the debtor to deliver it to appellee, and setting a date for a hearing to determine whether the appointment should be made permanent. The order also provided that the foreclosure case in the state court should be restrained until further order, and that appellant should file his final account and it should be passed upon by the Superior Court. It is from this order of August 21, that appellant prosecutes his appeal.

It does not appear from the record whether the court in entering the order complained of did so on the theory that the trustee was not an adverse claimant, hence not entitled to a plenary adjudication of his rights and status in the proceedings, or on the theory that, being an adverse claimant, he had so far submitted himself to the jurisdiction of the court as to have consented to a summary adjudication. Prior to the decision on February 3, 1936, by the Supreme Court, of the cases of Tuttle v. Harris, 297 U.S. 225, 56 S.Ct. 416, 417, 80 L.Ed. ——, and Duparquet Huot & Moneuse Co. v. Evans, 56 S.Ct. 412, 80 L. Ed. ——, there was a conflict of opinion between Circuit Courts of Appeals as to whether or not the first theory was sound. See Continental Bank & Trust Co. v. Nineteenth & Walnut Streets Corporation, 79 F.(2d) 284, and Grand Boulevard Inv. Co. v. Strauss, 78 F.(2d) 180. This can no longer be considered open to doubt, however, in view of the statement in the Tuttle Case, supra: "A mortgagee after condition broken under the law of Illinois is the owner of a legal estate, and as such entitled as of right to the possession of the mortgaged premises. Wolkenstein v. Slonim, 355 Ill. 306, 189 N.E. 312. The grantee under the deed of trust was in

possession not as receiver, but as owner." It follows from this that as owner, he cannot be ousted under proceedings under section 77B, and it was therefore error for the court to order the mortgaged property turned over to the temporary trustee, either by summary or plenary proceedings.

This ruling need not necessarily prevent further proceedings in the reorganization plan. Whatever interest or right the debtor may yet have in, or with respect to, the mortgaged premises, should of course be considered as an asset for whatever it is worth. We merely hold that under the conditions here presented appellant is entitled to possession of the premises until the default is in some manner cured.

The order is reversed and the cause is remanded for further proceedings consistent with this opinion.