124 F.2d 451 (1941)
In re FRANKLIN GARDEN APARTMENTS, Inc.
CRYSTAL
v.
GREEN POINT SAV. BANK.
No. 79.
Circuit Court of Appeals, Second Circuit.
December 8, 1941.
Supplemental Memorandum December 23, 1941.
*452 Louis J. Castellano, of Brooklyn, N. Y. (Samuel C. Duberstein and William Himlyn, both of Brooklyn, N. Y., of counsel), for Green Point Savings Bank, mortgagee-appellant.
Zalkin & Cohen, of New York City (Harry Zalkin and Theodore B. Wolf, both of New York City, of counsel), for Sidney Crystal, trustee-appellee.
Before L. HAND, AUGUSTUS N. HAND, and CLARK, Circuit Judges.
AUGUSTUS N. HAND, Circuit Judge.
Franklin Garden Apartments, Inc. (the debtor), on February 5, 1941, filed a voluntary petition for reorganization under Chapter X of the Bankruptcy Act, 11 U.S. C.A. § 501 et seq. This petition was approved by the court and Sidney Crystal was appointed trustee. The debtor was engaged in the business of owning and operating real property and improvements thereon and was the owner of a plot in Richmond Hill, Queens County, Long Island, New York, on which it had built a six story apartment house containing 123 apartments and a garage capable of accommodating 60 automobiles. The premises were subject to a mortgage made by the debtor to Green Point Savings Bank on which the latter had advanced $382,500. The rate of interest on the mortgage was 5% per annum, payable quarterly on December 1st, March 1st, June 1st and September 1st. The mortgagor defaulted in paying the instalment of interest which became due on December 1, 1940, and to the extent of $3,488.06 remained unpaid. Under a covenant in the mortgage an assignment of the rents was provided for in the event of a default in payment of interest. Likewise on January 21, 1941, the *453 debtor executed an instrument reciting the covenant and the default and assigning to the mortgagee the rents then due and thereafter to become due. In the instrument the debtor appointed the mortgagee its agent to collect the rents and pursuant to the terms thereof the mortgagee went into possession of the premises, collected the rents and paid various operating expenses. The trustee has filed affidavits showing that the value of the land and improvements is $557,500, which amounts to $175,000 more than the $382,500 advanced upon the mortgage. In view of this the trustee applied for an order in the reorganization proceeding that he be adjudged in possession of the mortgaged premises and entitled to receive the rents in order to complete the building, which had already cost the debtor $516,945.45, by expending about $16,000 more in installing a sprinkler system, shower doors, medicine cabinets and items of hardware and other miscellaneous items not yet placed in the unrented apartments. The monthly rent from 73 of the apartments which were already rented was approximately $5,000 gross. Should the total number of 123 apartments and the garage be rented, the monthly rent roll would equal about $9,700 gross. If there be added to the principal of $382,500 due on the mortgage interest in default the amount due thereon at the present time would be more than $395,500. This total of $395,500 plus $120,000 of mechanics' liens, having priority over the mortgage, and a balance of $13,505.62 due on conditional bills of sale upon elevators and other equipment would make a total of $528,505.62. In other words, the trustee asks to divest the mortgagee of liquid assets such as rents growing out of the mortgaged property in order to build up an equity which according to the trustee's own statement will amount to less than $30,000. If the general creditors and stockholders have an equity worth saving surely they ought to have faith and financial resources sufficient to secure $16,000 needed for additional equipment without taking it out of the mortgagee's rentals.
The affidavits indicate not only that the mechanics' liens having priority over the mortgage are of the conceded amount of $120,000 but that such liens have been filed in the amount of $147,000; in other words, to the extent of $27,000 they are said to be contested. The affidavit of Legge verified March 10, 1941, filed on behalf of the mortgagee, also stated that the "rents at the present time and in the near future are insufficient to pay in full for sprinkler system and all operating expenses of the property including current taxes, the interest and arrears as well as current interest upon the mortgage held by the Bank." The value of the equity is, therefore, speculative and illusory. The trustee's statement that Adolf Mandel offered $75,000 over and above the mortgage for the property did not indicate any market value, for the offer was not made subject to mechanics' liens and conditional sales which far exceeded $75,000.
The court below made an order which not only decreed that the trustee should have the immediate possession of the mortgaged premises and the right to collect rents accruing therefrom subsequent to February 8, 1941, and enjoined the mortgagee from interfering with the trustee's possession and required the mortgagee to account for and turn over the net balance of rents subsequent to that date, after deducting actual operating costs of the premises therefrom, but also directed the mortgagee to turn over any rentals applied by it after February 8, 1941, on account of principal or interest on the mortgage, and likewise authorized the trustee out of the rentals to procure a sprinkler system, install it in the premises, purchase furniture and furnishings for the lobby, purchase such personal property and perform such work as might be necessary to complete the building and, at a cost of not more than $16,000, place all apartments therein in rentable condition. The order also authorized the trustee to pay out of the rentals all expenses of administration of this proceeding and, after the foregoing payments, to turn over the net balance of all rents to the mortgagee.
The mortgagee, having appealed from the order, makes the objection that the court was without power to award possession of the premises to the trustee or to turn over the collection of the rents to him and also that it had no power to apply the rents to the payment of "expenses of administration in this proceeding."
The portion of the order awarding possession to the trustee as against the mortgagee in possession was fully warranted by Sections 256 and 257 of the Chandler Act, 11 U.S.C.A. §§ 656, 657. Those sections were apparently so enacted as to avoid the limitation which the courts had imposed upon Section 77B (i), 11 U.S.C.A. § 207(i), in cases where a receiver in foreclosure *454 was sought to be superseded by a trustee in a 77B proceeding. Duparquet Huot & Moneuse Co. v. Evans, 297 U.S. 216, 56 S.Ct. 412, 80 L.Ed. 591.
Section 256 of the Chandler Act provides that a petition for corporate reorganization may be filed under Chapter X "notwithstanding the pendency of a prior mortgage foreclosure * * * in a court of the United States in which a receiver or trustee of all or any part of the property of a debtor has been appointed * * *."
Section 257 provides that: "The trustee appointed under this chapter, upon his qualification, or if a debtor is continued in possession, the debtor, shall become vested with the rights, if any, of such prior receiver or trustee in such property and with the right to the immediate possession thereof. The trustee or debtor in possession shall also have the right to immediate possession of all property of the debtor in the possession of a trustee under a trust deed or a mortgagee under a mortgage."
Section 216(7) prescribes that a Plan of Reorganization "shall provide for any class of creditors which is affected by and does not accept the plan by the two-thirds majority in amount required under this chapter, adequate protection for the realization by them of the value of their claims against the property dealt with by the plan and affected by such claims, either as provided in the plan or in the order confirming the plan, (a) by the transfer or sale, or by the retention by the debtor, of such property subject to such claims; or (b) by a sale of such property free of such claims, at not less than a fair upset price, and the transfer of such claims to the proceeds of such sale; or (c) by appraisal and payment in cash of the value of such claims; or (d) by such method as will, under and consistent with the circumstances of the particular case, equitably and fairly provide such protection."
We can see no equity, fairness or adequate protection of the mortgagee's rights in diverting rentals derived from the property covered by his mortgage (which became due in October, 1941) in order to build up an elusive equity. This is particularly the case when it is not certain that there will be any plan approved and that the mortgaged premises may not be sold in bankruptcy pursuant to Section 236, 11 U.S.C.A. § 636, or the proceeding under Chapter X may not be dismissed.
We think that the rentals may be used to pay current operating expenses but should not be used to pay expenses of administration. While such expenses may hereafter be paid from rentals or other sources by virtue of Sections 241, 246 or 259 of the Chandler Act, 11 U.S.C.A. §§ 641, 646, 659, there seems no justification for allowing them at the present time, or indeed for allowing them at any time, out of the security belonging to the mortgagee except in so far as the mortgaged property has received benefit through the proceeding [Randolph v. Scruggs, 190 U.S. 533, 23 S. Ct. 710, 47 L.Ed. 1165; In re Centralia Refining Co., D.C.Ill., 35 F.Supp. 599, 602], or the mortgagee's rights are fully secured.
Since the decision in Continental Illinois Nat. Bank & Trust Co. v. Chicago, Rock Island & P. Ry. Co., 294 U.S. 648, 675, 55 S.Ct. 595, 79 L.Ed. 1110, we have no doubt of the power of the district court to take possession of the mortgaged premises, collect the rents and enjoin the mortgagee from interfering therewith. Clark Bros. Co. v. Portex Oil Co., 9 Cir., 113 F.2d 45, 47. We cannot know what further may be done until the submission of a plan of reorganization or the failure to achieve one. It is possible that one may be proposed which will leave a sufficient equity to justify the application of rental receipts to expenses of the proceeding and to the completion of building and procurement of equipment. It may leave the mortgagee in a better position than at present and not meet with any objection.
The contention that a summary proceeding did not lie is wholly without merit and met by the plain terms of Section 257 of the Chandler Act awarding "immediate possession" to the trustee.
The order is modified so as to eliminate the portions of the last two paragraphs providing for payment of not more than $16,000 out of the rents for a sprinkler system, furniture, furnishings for the lobby and such personal property and work as may be necessary to complete the building and also so as to eliminate the provision in the last paragraph for paying the expenses of administration in this proceeding out of the rents. The payments allowed shall be limited to operating expenses. Aside from the foregoing modifications the order is affirmed.
Order modified.

*455 Supplemental Memorandum.
PER CURIAM.
Since handing down our opinion in the above suit we have been informed by counsel (1) that the mechanics' liens were all for work subsequent to the date of the mortgage and so far as valid are all subordinate in lien thereto, (2) that there is no longer any dispute by the appellee, Green Point Savings Bank, as to the application of the rents to the extent allowed by the order of the court below (which application we are told has already been made) in completing and equipping the unrented apartments. In other words, this question as to applying the rentals in that way is now moot. We see no reason for allowing the expenses of administration out of the rentals. A plan of reorganization has been approved since this appeal was argued and we are informed that no use of the rentals for expenses of administration is now needed or contemplated.
In view of the foregoing the direction to the court below should be as follows: "The order is modified so as to eliminate the provision therein for paying the expenses of administration in this proceeding out of the rents. Aside from this the order is affirmed."
Order modified accordingly.