### JOHN HANCOCK MUT. LIFE INS. CO. v. CASEY.

No. 3847.

Circuit Court of Appeals, First Circuit.

March 1, 1943.

Writ of Certiorari Denied May 24, 1943.

See 63 S.Ct. 1176, 87 L.Ed. ——.

G. K. Richardson, William E. Bennett, and Richardson, Wolcott, Patten & Bennett, all of Boston, Mass., for appellant.

Thomas J. Casey, of Boston, Mass., pro se (J. C. Johnston, of Boston, Mass., of counsel), for appellee.

Before MAHONEY and WOODBURY, Circuit Judges, and PETERS, District Judge.

PER CURIAM.

This appeal raises the question whether the district court, after approval of a petition under Chapter X of the Chandler Act, 52 Stat. 840, 883, 11 U.S.C.A. § 501 et seq., has power to take possession of mortgaged premises, collect the rents and enjoin the mortgagee from interfering therewith by foreclosure or otherwise.

As was stated by the Circuit Court of Appeals in the Second Circuit, in the case of In re Franklin Garden Apartments, Inc., 2 Cir., 1941, 124 F.2d 451, 454, since the decision in Continental Illinois Nat. Bank & Trust Co. v. Chicago, R. I. & P. R. Co., 294 U.S. 648, 675, 55 S.Ct. 595, 79 L.Ed. 1110, we have no doubt that the district court has such power. It seems to have been properly exercised in this case where the order of events was: the giving of a power of sale mortgage by the debtor covering hotel property in the City of Boston; the filing of mortgagor's petition under Chapter X; the taking possession by the mortgagee; the approval of the petition by the court, followed by orders of the court enjoining foreclosure, ordering relinquishment of possession by the mortgagee and the turning over of collected rents to a trustee who had been appointed.

The property was in custodia legis as of the date of the filing of the petition. We are of the opinion that the district court in its orders directing that possession and the collected rents should be turned over to the Trustee intended that the Trustee should take complete control of the premises and that he should collect not only the September rent which was specifically mentioned in the order to turn over but also all subsequent rents. These orders were fully authorized by Sections 256 and 257 of the Act, which was enacted after the decision of Tuttle v. Harris, 297 U.S. 225, 56 S.Ct. 416, 80 L.Ed. 654, under old 77-B, 11 U.S.C.A. § 207. The orders staying foreclosure proceedings were amply supported by authority of Sections 111–116, inclusive.

The rights of the mortgagee under its Massachusetts form of mortgage to take possession and foreclose on breach of condition were not impaired, from a constitutional point of view, by the exercise of the authority conferred by the Bankruptcy Act. The exercise of those rights were suspended for the time being for the purposes of the Act, the constitutionality of which cannot now be doubted.

At the time of hearing of this appeal the court was made aware of the fact that a petition had been filed in this court by the appellee asking that the appellant be adjudged in contempt for bringing a suit in the state court to recover from certain tenants of the mortgaged property rents paid to the trustee in compliance with the orders of the district court. In view of our decision on this appeal the rights of the parties will be clear and the necessity of compliance with the orders of the district court, issued in accordance therewith, will be understood.

The appeal from the various orders of the District Court is dismissed with costs.

The petition for holding in contempt is dismissed without prejudice to bringing any similar proceeding in the District Court if the necessity should arise.