**Lewis J. RUSKIN, Petitioner-Appellant,**

v.

**Charles H. GRIFFITHS, Trustee of General Stores Corporation, Debtor, Respondent-Appellee.**

**No. 129, Docket 24765.**

United States Court of Appeals Second Circuit.

Argued Dec. 4, 1957.

Decided Jan. 6, 1958.

Simon H. Rifkind, of Paul, Weiss, Rifkind, Wharton & Garrison, New York City (Harry H. Ruskin, Chicago, Ill., and John E. Massengale and Stephen Wise Tulin, of Paul, Weiss, Rifkind, Wharton & Garrison, New York City, on the brief), for Lewis J. Ruskin, Ford Hopkins Co., Stineway Drug Co., Sargent's Drug Store, and Wright & Lawrence, Inc., appellants.

Martin Drazen and Charles H. Griffiths, White Plains, N. Y., reorganization trustee (Frederick P. Close, White Plains, N. Y., on the brief), for appellee Charles H. Griffiths.

Louis J. Weinshenker, New York City, (Edward A. Gorenstein and Walter Goodman, Chicago, Ill., on the brief), for appellee Richard Goodman, a creditor and stockholder.

David Ferber, Asst. Gen. Counsel, Securities and Exchange Commission, Washington, D. C. (Thomas G. Meeker, Gen. Counsel, Washington, D. C., Richard V. Bandler, Kiva Berke, New York City, and Joseph Gildenhorn, Attys., Securities and Exchange Commission, Washington, D. C., on the brief), for appellees Securities and Exchange Commission.

Edward A. Rothenberg, New York City, for appellee Florence Brill, a stockholder.

John F. Davidson, New York City, for appellee Stockholders' Protective Committee.

Before CLARK, Chief Judge, MOORE, Circuit Judge, and SMITH, District Judge.

PER CURIAM.

These are appeals from two orders of the bankruptcy court in reorganization proceedings under Chapter X of the Bankruptcy Act which were ultimately ordered for this defendant. See In re General Stores Corp., D.C.S.D.

N.Y., 129 F.Supp. 801, affirmed General Stores Corp. v. Shlensky, 2 Cir., 222 F.2d 234, affirmed 350 U.S. 462, 76 S.Ct. 516, 100 L.Ed. 550. The first order denies the petition of appellant Ruskin, a secured creditor, to vacate a stay entered on May 1, 1956, restraining him from foreclosing the lien on debtor's primary assets—stock in two subsidiary corporations—held by the secured creditors as collateral for their debt. But the petitioner's attempt to end the reorganization by foreclosing the lien is premature. Until the district court has had an opportunity to evaluate these assets it can be in no position to judge the propriety of any contemplated plan of reorganization. Therefore the petition properly was denied without prejudice to its renewal before the district court if circumstances justify. In re General Stores Corp., D.C.S.D.N.Y., 150 F.Supp. 868. See also In re General Stores Corp., D.C.S.D.N.Y., 147 F.Supp. 350, for an earlier similar attempt.

 The second order requires that Ruskin give notice to the trustee, and in certain instances the court, of proposed actions of the subsidiaries regarding new leases, store closings, store sales, capital expenditures of more than $2,500, and unusual transactions not in the ordinary course of business. Ruskin manages the subsidiaries under a collateral agreement executed in connection with the events occurring when the debtor incurred the secured creditors' debt. The district court had the power to issue this order, even though the subsidiaries are solvent. Bankruptcy Act §§ 2a(15), 257, 11 U.S.C. §§ 11(a) (15), 657. See Continental-Illinois Nat. Bank & Trust Co. of Chicago v. Chicago, R. I. & P. R. Co., 294 U.S. 648, 55 S.Ct. 595, 79 L.Ed. 1110; In re Franklin Garden Apartments, Inc., 2 Cir., 124 F.2d 451; In re Portland Elec. Power Co., D.C.Or., 97 F.Supp. 899; Id., 9 Cir., 162 F.2d 618, 624, certiorari denied Watson v. Portland Electric Power Co., 332 U.S. 837, 68 S.Ct. 217, 218, 92 L.Ed. 410. The court simply took qualified possession of the stock pledged in order to preserve debtor's possible equity in it. All the order requires is notice of a proposed transaction. This procedure serves to keep the court informed and provides a means for frustrating a transaction which might ruin the chances of any reorganization. We accept and adopt Judge Levet's persuasive opinions below.

Orders affirmed.