## In re WHITING POOLS, INC., Debtor.

### No. Civ–81–362B(E).

United States District Court,
W. D. New York.

June 17, 1981.

Jonathan B. Forman, Trial Atty., Tax Div., Dept. of Justice, Washington, D. C., for the U. S.

Lloyd Relin, Rochester, N. Y., for debtor-appellee.

## MEMORANDUM AND ORDER

ELFVIN, District Judge.

This is an appeal from an order of the Bankruptcy Court which would require the Internal Revenue Service ("the IRS") to turn over to the debtor property which the IRS had levied upon and seized. My Order filed May 6, 1981 stayed the effect of the Bankruptcy Court's order pending disposi-

tion of this appeal. For the reasons set out below, I am reversing that court's order.

The debtor, Whiting Pools, Inc., sells, installs and services swimming pools and pool equipment and supplies and maintains a place of business located in Fairport, N.Y. The IRS made an assessment of tax against the debtor for unpaid employment taxes owing for the third and fourth quarters of 1979 and the second and third quarters of 1980. Despite the IRS's demand for payment, the unpaid balance of such assessment is approximately $92,000. Pursuant to a warrant issued by the United States Magistrate, the IRS entered the debtor's place of business January 14, 1981 and levied upon and seized the debtor's inventory, equipment and other personal property. The debtor filed a petition under Chapter 11 of the Bankruptcy Code January 15, 1981. The IRS commenced an adversary proceeding for a determination by the Bankruptcy Court that the automatic stay provisions of the Bankruptcy Code, 11 U.S.C. § 362, are inapplicable to its proposed sale of the levied property. The debtor counterclaimed for an order requiring the IRS to turn over the levied property.

After an evidentiary hearing,[1] the Bankruptcy Court entered an order April 28, 1981 requiring the IRS to turn over the levied property to the debtor. The court conditioned this relief upon the debtor's payment of $20,000 to the IRS prior to turnover and $1,000 monthly thereafter. Under the terms of the court's order, the debtor's failure to make said monthly payment would automatically cause the order to be lifted.

The Bankruptcy Code contains two provisions which pertain to the turnover of property to the debtor. 11 U.S.C. §§ 542, 543. Section 542 generally requires any entity, other than a custodian, in possession of property of the estate to deliver said prop-

---

1. The Bankruptcy Court conducted an evidentiary hearing on two separate days. Neither the IRS nor the debtor has requested that a transcript of said hearing be included in the record. Inasmuch as the underlying facts are not disputed and the issue presented herein is a legal one concerning the Bankruptcy Court's power to order a turnover of the levied property, I have not requested the preparation of a transcript.

erty to the trustee.[2] Section 543 requires a custodian to deliver to the trustee any property of the debtor that is in the custodian's possession on the date that the custodian learns of the commencement of the bankruptcy case.[3] In a recent case arising under virtually identical circumstances as the present one, I held that the IRS may not be required under section 542 to turn over to the debtor property that had been levied upon and seized prior to the commencement of the case. *In re Avery Health Center, Inc.*, 8 B.R. 1016, 3 C.B.C.2d 728 (D.C.W.D. N.Y.1981). The Bankruptcy Judge recognized that *Avery Health Center, Inc.* forecloses application of section 542 to require the IRS to turn over the levied property in the present case. Nevertheless, he concluded that the IRS is a custodian of property of the debtor within the meaning of section 543 and therefore ordered the turnover of the property pursuant to that section.

The relevant definition of the term custodian is set out in section 101(10)(C) of the Bankruptcy Code, which states that "custodian" means:

"trustee, receiver, or agent under applicable law, or under a contract, that is appointed or authorized to take charge of property of the debtor for the purpose of enforcing a lien against such property, or for the purpose of general administration of such property for the benefit of the debtor's creditors * * *."

The Bankruptcy Judge focused on the language of section 101(10)(C) indicating that a custodian is an "agent" authorized to take charge of property of the debtor for the purpose of enforcing a lien against such property.[4]

■ Although the Bankruptcy Code does not contain a definition of the term "agent," the concept of agency entails a fiduciary relationship arising out of an express or implied contract between the principal and the agent. Thus, it has been held that a secured creditor in possession of property taken from a debtor pursuant to the terms of a security agreement is an agent and therefore a custodian within the meaning of section 101(10)(C). *Matter of Williams*, 6 B.R. 789, 3 C.B.C.2d 84 (Bkrtcy. E.D.Mich.1980). In the present case, however, there is no contractual understanding between the IRS and the debtor from which an agency relationship may be said to have arisen.[5]

■ Section 101(10)(C) also indicates that a custodian may be an "agent under applicable law * * *." The provisions of the Internal Revenue Code which authorize the IRS to levy upon and seize a taxpayer's property, 26 U.S.C. § 6331, do not purport to create an agency relationship. Rather,

---

2. Section 542(a) provides as follows:
   " * * * [A]n entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, * * * shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate."
   Section 363 authorizes the trustee to use, sell, or lease "property of the estate." "Property of the estate" is defined as "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1).

3. Section 543(b) states that a custodian shall: "deliver to the trustee any property of the debtor transferred to such custodian, or proceeds of such property, that is in such custodian's possession, custody or control on the date that such custodian acquires knowledge of the commencement of the case * * *."

4. There has been no contention on this appeal that the IRS is a "trustee" or a "receiver" as those terms are used to define a custodian.

5. The Bankruptcy Judge noted that under the Bankruptcy Act of 1898 a mortgagee, pledgee or trustee under a trust deed could be ordered to turn over property of the debtor in a reorganization proceeding. *See, e. g., In re Third Ave. Transit Corp.*, 198 F.2d 703 (2d Cir. 1952); *Reconstruction Finance Corp. v. Kaplan*, 185 F.2d 791 (1st Cir. 1950); *In re Franklin Garden Apartments*, 124 F.2d 451 (2d Cir. 1941). Finding no reason to distinguish between such persons and the IRS, the Bankruptcy Judge concluded that section 543 must apply to property upon which the IRS has levied. However, the existence of a contract giving rise to an agency relationship is a crucial distinction between the cases cited by the Bankruptcy Judge and the present case.

the IRS is given the authority to sell the levied property subject to few restrictions.[6]

A levy by the IRS "is substantially broader in scope than anything known to the common law * * *." *United States v. Sullivan*, 333 F.2d 100, 116 (3d Cir. 1964). Thus, courts have indicated that a tax levy "is 'an absolute appropriation in law,' and a seizure of the property levied upon, tantamount to a transfer of ownership." *United States v. Pittman*, 449 F.2d 623, 626 (7th Cir. 1971). *See, also, Phelps v. United States*, 421 U.S. 330, 337, n.8, 95 S.Ct. 1728, 1733, 44 L.Ed.2d 201 (1975) ("the prebankruptcy levy displaced any title of [the debtor]"); *Matter of Pittsburgh Penguins Partners*, 598 F.2d 1299, 1302 (3d Cir. 1979); *Am. Acceptance Corp. v. Glendora Better Builders*, 550 F.2d 1220, 1222–3 (9th Cir. 1977) (upon levy and seizure of the property, "all rights were held by the IRS"); *United States v. Sullivan, supra*, at 116 (a levy "effects a seizure of the delinquent's property tantamount to a transferal of ownership"); *Matter of Chantler Baking Co.*, 436 F.Supp. 169, 174 (W.D.Pa.1977) ("a tax levy operated to endow IRS with *all* rights in the seized property"). These cases make clear that the IRS, after levying upon and seizing a taxpayer's property, is not a mere "agent" or "custodian" of the property. I accordingly hold that the IRS is not a custodian subject to the turnover provisions of Bankruptcy Code § 543.

The Bankruptcy Court's order which would require the IRS to turn over the levied property to the debtor is hereby ORDERED reversed. The case is remanded to the Bankruptcy Court for a determination whether the stay of the IRS's proposed sale of the levied property imposed by Bankruptcy Code § 362 should be terminated.[7] The Bankruptcy Court shall also reconsider, in light of this decision, its order dated April 30, 1981 directing Banker's Trust Company to pay certain levied funds to the IRS and further directing that such funds be considered as partial payment of the $20,000 which the debtor was required to pay to the IRS.

---

6. After levy upon and seizure of the property, the IRS may sell the property upon the following conditions: (1) the proceeds of the sale must be applied toward payment of the underlying tax liability, (2) any surplus remaining after payment of the tax liability and the expenses of sale must be returned to the taxpayer (or other lien creditors), and (3) the taxpayer may redeem the property prior to sale by tendering payment of the tax liability. 26 U.S.C. §§ 6337, 6342. The Internal Revenue Code also prescribes certain procedures to be used in connection with the sale. 26 U.S.C. § 6335.

7. The Bankruptcy Court held that the automatic stay provisions of section 362 apply to the IRS's proposed sale of the levied property. The IRS has not appealed from that aspect of the court's decision.

The IRS seeks to be released from the stay "for cause" under Bankruptcy Code § 362(d)(1). As the Bankruptcy Court previously noted, "it makes little sense to continue the stay unless a turnover of property can accompany the stay."