679 F.2d 821
 6 Collier Bankr.Cas.2d 965, 9 Bankr.Ct.Dec. 355,
Bankr. L. Rep. P 68,764, 33 UCC Rep.Serv. 1610
 Joe M. FLOURNOY, Plaintiff-Appellant,
v.
CITY FINANCE OF COLUMBUS, INC., Defendant-Appellee.
 No. 81-7736.
 United States Court of Appeals,
Eleventh Circuit.
 June 14, 1982.
 
 Araguel, Sanders & Carter, Charles C. Carter, Columbus, Ga., for plaintiff-appellant.
 William L. Slaughter, Columbus, Ga., for defendant-appellee.
 Appeal from the United States District Court for the Middle District of Georgia.
 Before GODBOLD, Chief Judge, MERRITT* and HENDERSON, Circuit Judges.
 HENDERSON, Circuit Judge:
 
 
 1
 The sole question on this appeal is whether a secured creditor who repossesses a debtor's automobile without legal process, as permitted by Georgia Code § 109A-9-503 (Rev.1979), is a "custodian" within the meaning of the Bankruptcy Act of 1978, 11 U.S.C. § 101(10)(C), so as to require delivery of possession to the trustee in bankruptcy in accordance with 11 U.S.C. § 543(b). The bankruptcy court held that the secured creditor is not a custodian, and the district court agreed with that conclusion. We affirm.
 
 
 2
 The facts are stipulated. City Finance of Columbus, Inc. (City Finance), a creditor of Argentina Williams Lewis, perfected its security interest in a 1970 Pontiac Grand Prix, securing an indebtedness of $1,575.00. Lewis defaulted on the note, and City Finance took possession of the automobile through the "self-help" mechanism of the security agreement.[1] Before execution was completed in compliance with Georgia Code § 109A-9-504(3), the Lewises filed a petition under Chapter 13 of the Bankruptcy Act of 1978, thereby invoking the automatic stay provision of 11 U.S.C. § 362(a) to prevent the sale of the collateral. The trustee filed a complaint for possession of the automobile. Both the trustee and City Finance then filed motions for summary judgment. The grant of summary judgment in favor of City Finance prompted this appeal.
 
 
 3
 The trustee relies only on the "custodian" status of City Finance as defined in 11 U.S.C. § 101(10)(C) in urging the turnover of the property pursuant to the provisions of 11 U.S.C. § 543(b).[2] Subpart (C) defines a custodian as a
 
 
 4
 trustee, receiver, or agent under applicable law, or under a contract, that is appointed or authorized to take charge of property of the debtor for the purpose of enforcing a lien against such property, or for the purpose of general administration of such property for the benefit of the debtor's creditors.
 
 
 5
 He reasons that City Finance took possession of the property for the purpose of enforcing a lien, as authorized by the security agreement and, hence, is an agent under applicable law because of the fiduciary obligations which govern the sale of the collateral. See Georgia Code §§ 68-417a(b), 96-1007, 109A-9-504 to 9-507 (Rev.1979).
 
 
 6
 Under former sections 2(a)(21), 69(d) and 70(a)(8) of the Bankruptcy Act of 1898, as amended,[3] summary jurisdiction to order the turnover of property to the bankruptcy trustee was not available where the third party held that property under a bona fide adverse claim of right. E.g., May v. Henderson, 268 U.S. 111, 45 S.Ct. 456, 69 L.Ed. 870 (1925); Gorenz v. State of Illinois Department of Agriculture, 653 F.2d 1179 (7th Cir. 1981); Burnham v. Todd, 139 F.2d 338 (5th Cir. 1943); see Phelps v. United States, 421 U.S. 330, 95 S.Ct. 1728, 44 L.Ed.2d 201 (1975). Section 2(a)(21), for example, governed property in the possession of "receivers or trustees appointed in proceedings not under this title, assignees for the benefit of creditors, and agents authorized to take possession of or to liquidate a person's property." Bankruptcy Act of 1898, c. 541, § 2(a)(21), 30 Stat. 544, as added by Chandler Act of 1938, c. 575, § 1, 52 Stat. 840 (formerly codified at 11 U.S.C. § 11(a)(21)). This provision was intended to give bankruptcy courts the power to regulate equity receiverships, and assignments and agency relationships for purposes of liquidation. H.R.Rep.No.1409, 75th Cong., 1st Sess. 20 (1937); S.Rep.No.1916, 75th Cong.3d Sess. 12 (1938). It extended to court officers appointed in certain state insolvency proceedings, e.g., In re Park Beach Hotel Corp., 96 F.2d 886 (7th Cir.), cert. denied, 305 U.S. 638, 59 S.Ct. 105, 83 L.Ed. 411 (1938), and to agents within the bankrupt's control, In re American Southern Publishing Co., 426 F.2d 160 (5th Cir.), cert. denied, 400 U.S. 903, 91 S.Ct. 141, 27 L.Ed.2d 140 (1970); Kyle v. Stewart, 360 F.2d 753 (5th Cir. 1966); Lunsford v. Haynie, 175 F.2d 603 (5th Cir. 1949); Shor v. McGregor, 108 F.2d 421 (5th Cir. 1939); see Mueller v. Nugent, 184 U.S. 1, 22 S.Ct. 269, 46 L.Ed. 405 (1902).
 
 
 7
 In In re American Southern Publishing Co., we held that summary jurisdiction could not be exercised where the property was not in the hands of "one who acknowledges that he holds it subject to the bankrupt's demand." 426 F.2d at 164. There we followed the Second Circuit, where Judge Learned Hand had written "that for the (summary) jurisdiction to attach, the bailee (agent) must be unconditionally subject to the bankrupt's orders." Buss v. Long Island Storage Warehouse Co., 64 F.2d 338, 340 (2d Cir. 1933). Section 1 of the Restatement (Second) of Agency defines agency as "the fiduciary relation which results from the manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other so to act." (Emphasis added.) Despite arguably more general language in Georgia Code § 4-101, the Georgia courts have adopted this definition, including the element of control. Smith v. Merck, 206 Ga. 361, 57 S.E.2d 326 (1950); Washington National Insurance Co. v. Mayor, 196 Ga. 126, 26 S.E.2d 359 (1943); Hampton v. McCord, 141 Ga.App. 97, 232 S.E.2d 582 (1977). The fiduciary duties imposed by Georgia Code §§ 68-417a(b), 96-1007, and 109A-9-504 to 9-507 are described by section 6 of the Restatement as a power, "an ability on the part of a person to produce a change in a given legal relation by doing or not doing a given act." Section 14H provides that "(o) ne who holds a power created in the form of an agency authority, but given for the benefit of the power holder or of a third person, is not an agent of the one creating the power." The "self-help" mechanism permitted by Georgia Code § 109A-9-503 was clearly intended for the benefit of City Finance to enable it to protect its security interest. See Official Comment to U.C.C. § 9-503. It does not create an agency relationship. See generally Franco v. Stein Steel & Supply Co., 227 Ga. 92, 179 S.E.2d 88 (1970), cert. denied, 402 U.S. 973, 91 S.Ct. 1661, 29 L.Ed.2d 137 (1971).
 
 
 8
 Whatever fiduciary obligations an executing creditor may have to the debtor under applicable state law, he is not an agent of the debtor as that term is used by the cases construing the 1938 Act. The legislative history of section 101(10) establishes that this definitional section does not change substantive bankruptcy law, but is intended "to facilitate drafting." H.R.Rep.No. 595, 95th Cong., 1st Sess. 310 (1977); S.Rep.No.989, 95th Cong., 2d Sess. 23 (1978), U.S.Code Cong. & Admin.News 1978, p. 5787. We conclude, then, that a secured creditor who repossesses property by self-help is not a "custodian" within the meaning of 11 U.S.C. §§ 101(10)(C) and 543(b). Accord, United States v. Whiting Pools, Inc., 674 F.2d 144 (2d Cir. 1982).[4]
 
 
 9
 The trustee further asserts that section 101(10) stems in part from sections 257 and 507 of the Bankruptcy Act of 1898. Section 257 stated, in part: "The trustee or debtor in possession shall also have the right to immediate possession of all property of the debtor in the possession of a trustee under a trust deed or a mortgagee under a mortgage." Bankruptcy Act of 1898, c. 541, § 257, 30 Stat. 544, as added by Chandler Act of 1938, c. 575, § 1, 52 Stat. 840.[5] These sections were enacted to clarify the jurisdiction of the bankruptcy court, overruling cases which previously held that an involuntary reorganization petition could not be filed where a mortgage foreclosure proceeding was pending, or where a mortgagee was in possession at the time of default. 6A W. Collier, Bankruptcy P 14.01 (14th ed. 1977); see Tuttle v. Harris, 297 U.S. 225, 56 S.Ct. 416, 80 L.Ed. 654 (1936); Duparquet Huot & Moneuse Co. v. Evans, 297 U.S. 216, 56 S.Ct. 412, 80 L.Ed. 591 (1936). We are inclined to agree with the First Circuit, which held that this language was "a specific provision inserted out of an abundance of caution to make clear the inapplicability under Chapter X (Corporate Reorganizations) of Tuttle v. Harris." Reconstruction Finance Corp. v. Kaplan, 185 F.2d 791, 795 (1st Cir. 1950). Moreover, cases ordering a turnover by creditors under section 257 foreshadow the concerns addressed in the general turnover provisions in section 542 of the Bankruptcy Act of 1978. E.g., In re Georgetown on Delaware, Inc., 466 F.2d 80 (3d Cir. 1972); Central R.R. Co. v. Manufacturers Hanover Trust Co., 421 F.2d 604 (3d Cir.), cert. denied, 398 U.S. 949, 90 S.Ct. 1867, 26 L.Ed.2d 289 (1970); In re Third Avenue Transit Corp., 198 F.2d 703 (2d Cir. 1952); Reconstruction Finance Corp. v. Kaplan, 185 F.2d 791 (1st Cir. 1950); John Hancock Mutual Life Insurance Co. v. Casey, 134 F.2d 162 (1st Cir.), cert. denied, 319 U.S. 757, 63 S.Ct. 1176, 87 L.Ed. 1709 (1943); In re Franklin Garden Apartments, Inc., 124 F.2d 451 (2d Cir. 1941).[6]
 
 
 10
 The judgment of the district court, affirming the bankruptcy court, is therefore
 
 
 11
 AFFIRMED.
 
 MERRITT, Circuit Judge, dissenting:
 
 12
 It is unclear whether Congress intended that a secured creditor who has repossessed but has not liquidated his collateral, and is therefore subject to the stay provisions of the Bankruptcy Code, 11 U.S.C. § 362(a)(4), should be considered a "custodian" for purposes of the turnover provisions. Neither is it clear whether such collateral should be considered "property" subject to turnover under § 542(a). For the reasons set out at some length by Judge Patton in ABD Federated Credit Union v. Williams, 6 B.R. 789 (E.D.Mich.1980), I believe the wage earner, rather than the creditor, has the better side of the argument under § 543 and for the reasons set out by Judge Friendly in United States v. Whiting Pools, Inc., 674 F.2d 144 (2nd Cir., 1982), he also is entitled to turnover under § 542(a). The creditor in this position has fiduciary duties to the debtor and the court to retain possession and protect the collateral. The creditor's duties (prior to the effectiveness of the stay order) to protect the debtor's equity interest in the collateral under state law, plus the creditor's duties to the debtor and the court arising from the bankruptcy proceeding and the stay order, lead me to the conclusion that the creditor is in position of a "custodian" of the collateral. The creditor's combined duties arising "under applicable law" are such, once the stay order goes into effect, that he loses control over the disposition of the collateral. His position is sufficiently analogous to that of "agent" or "constructive trustee" that I would characterize him as a "custodian" under section 543.
 
 
 13
 In addition, as Judge Patton points out in the ABD case, a contrary ruling creates an "anomalous situation" in which the creditor cannot sell or otherwise dispose of the car and the wage earner cannot use it as to complete Chapter 13 plan. "The economic utility of such a course is not evident...." 6 B.R. 791-92. These considerations lead me to the conclusion in the face of the ambiguity of the statute that characterizing the creditor as a "custodian" will lead to sounder bankruptcy administration and less economic waste. Moreover, alternatively, the same result would seem to obtain under § 542(a). Judge Friendly marshals the arguments that "bankruptcy courts were intended to have (and should have) the authority to order the turnover of collateral from secured creditors in possession" under § 542(a). See Whiting Pools, supra, and the discussion of this same subject under the old code in Reconstruction Finance Corp. v. Kaplan, 185 F.2d 791 (1st Cir. 1950). I am persuaded by the reasoning of these cases. Therefore, I respectfully dissent, recognizing that if the phrase "applicable law" under section 101(10)(C) means only state law the court is undoubtedly right that Georgia law would not characterize a repossessing secured creditor as an "agent" prior to the bankruptcy of the debtor.
 
 
 
 *
 Honorable Gilbert S. Merritt, U. S. Circuit Judge for the Sixth Circuit, sitting by designation
 
 
 [1]
 The security agreement specifies that in the event of default, City Finance or its agents "has the right to enter upon the premises of borrower and take possession of the property, if any, which is collateral securing this obligation." This provision was included in keeping with Georgia Code § 109A-9-503, which provides in part: "Unless otherwise agreed a secured party has on default the right to take possession of the collateral. In taking possession a secured party may proceed without judicial process if this can be done without breach of the peace or may proceed by action."
 
 
 [2]
 Section 543(b) states, in part: "A custodian shall-(1) deliver to the trustee any property of the debtor transferred to such custodian, or proceeds of such property, that is in such custodian's possession, custody, or control on the date that such custodian acquires knowledge of the commencement of the case ...." The trustee does not suggest that City Finance fits either description in subparts (A) or (B): "(A) receiver or trustee of any of the property of the debtor, appointed in a case or proceeding not under this title; (B) assignee under a general assignment for the benefit of the debtor's creditors." 11 U.S.C. § 101(10)(A), (B). Neither does he claim that City Finance is "an entity, other than a custodian, in possession, custody, or control ... of property which the trustee may use, sell, or lease under section 363 of this title." 11 U.S.C. § 542(a). Consequently, we are not concerned with whether turnover may be required under that section
 
 
 [3]
 Sections 101(10) and 543(b) are derived from former §§ 2(a)(21), 69(d), 70(a)(8), 257 and 507 of the Bankruptcy Act of 1898, as amended. See 4 W. Collier, Bankruptcy P 543.01 (15th ed. 1981). We deal with the application of §§ 257 and 507 in text below
 
 
 [4]
 There was no court appointment of the creditor to a trusteeship or receivership in this case, and we express no opinion as to the effect of such facts on § 101(10)
 
 
 [5]
 Section 257 referred to corporate reorganizations under Chapter X of the Bankruptcy Act. Section 507, containing similar language, governed reorganizations involving real property. See Bankruptcy Act of 1898, c. 541, §§ 257, 507, 30 Stat. 544, as added by Chandler Act of 1938, c. 575, § 1, 52 Stat. 840 (formerly codified at 11 U.S.C. §§ 657, 907)
 
 
 [6]
 The House Report notes, with respect to § 542: "These provisions are not found in the current Bankruptcy Act, but are governed by spotty case law. The issue becomes most difficult when the property being used is collateral for a loan to the debtor." H.R.Rep.No. 595, 95th Cong., 2d Sess. 181 (1978), U.S.Code Cong. & Admin.News 1978, p. 6142